**Norris LIRETTE, Plaintiff-Appellant,**

v.

**N.L. SPERRY SUN, INC. and Quarles Drilling Company, Defendants-Appellees.**

No. 86–3373.

United States Court of Appeals, Fifth Circuit.

June 29, 1987.

Gayle A. Reynolds, Gretna, La., for plaintiff-appellant.

Timothy F. Burr, New Orleans, La., for Sperry.

Elizabeth H. Ryan, Wood Brown, III, New Orleans, La., for Quales Drilling.

Before CLARK, Chief Judge, GOLDBERG, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL and JONES, Circuit Judges.

CLARK, Chief Judge:

Plaintiff Norris Lirette sued his employer N.L. Sperry Sun, Inc. (Sperry Sun) and the owner of the vessel Quarles Drilling Company (Quarles) in the district court of Plaquemines Parish, Louisiana, alleging Jones Act negligence, unseaworthiness, and vessel negligence claims. The defendants removed the case to the United States district court and moved separately for summary judgment. That court granted the motions in part, dismissing the Jones Act and unseaworthiness claims against Sperry Sun, but reserved any LHWCA claims against Quarles.

On appeal, an administrative panel of this court raised *sua sponte* the issue whether the district court lacked subject matter jurisdiction of a Jones Act claim removed from state court. The calendar panel held that 28 U.S.C. § 1445(a) barred removal of a Jones Act action filed in a state court because in 46 U.S.C. § 688 the Jones Act incorporates the general provisions of the Federal Employer's Liability Act including § 1445(a). *Lirette v. N.L. Sperry Sun, Inc.,* 810 F.2d 533 (5th Cir. 1987). The panel also concluded that *Gamble v. Central of Georgia Railway,* 486 F.2d 781 (5th Cir.1973), construed § 1445(a) in strict jurisdictional terms which prevented waiver by participation in the federal forum. *See Lirette,* 810 F.2d at 536–39 (parts B and C).

The en banc court now determines that § 1445(a)'s bar to removal may be waived by a litigant's failure to object to such removal in district court. In *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), the Supreme Court held that when an action is improperly removed to a federal district court, the case is tried on the merits without objection, and the court enters a final judgment, "the issue in subsequent proceedings is not whether the case was properly removed, but whether the federal district court would have had jurisdiction of the case had it been filed in that court." *Id.* at 702, 92 S.Ct. at 1347. In the case at bar, Lirette could have filed his cause of action in the United States district court. He did not object to removal. Rather, he fully participated in the proceedings in the federal forum. The district court entered judgment dismissing his Jones Act and un-

seaworthiness claims on the merits. *Grubbs* teaches that Lirette's actions waived his statutory right to object to the exercise of subject matter jurisdiction by the United States district court.

When a Jones Act plaintiff who has selected a state forum fails to object to the removal of that action to a United States district court with subject matter jurisdiction over that cause of action and participates in the conduct of that action, the United States district court may determine whether such actions amount to waiver of the plaintiff's right to invoke 28 U.S.C. § 1445(a).

The language in *Gamble* which construes the nonremovability provision of § 1445(a) in strict jurisdictional terms is overruled.

The merits of Lirette's appeal have yet to be addressed by the court. The panel must consider whether Lirette should be given the opportunity to challenge the district court's summary judgment dismissal on the merits. The case is remanded to the panel to consider the merits of Lirette's appeal.

REMANDED to the panel for further proceedings.