George Jaubert COURVILLE, et al.

v.

TEXACO, INC., Insurance Company of North America and Pacific Employer Insurance Company.

Civ. A. Nos. 88–3084, 89–3865.

United States District Court, E.D. Louisiana.

June 19, 1990.

Louis J. St. Martin, Houma, La., for plaintiffs.

Allen J. Krouse, III, New Orleans, La., for defendants, Texaco, Inc. and Ins. Co. of North America.

Arden Jay Lea, New Orleans, La., for defendants, John Plaisance Sons, Inc. and Plaisance Dragline & Dredging Co., Inc.

ROBERT F. COLLINS, District Judge.

Plaintiff, George J. Courville, moves the Court to remand case number 89–3865 to the 23rd Judicial District Court in Matagorda County, Texas. Case number 89–3865 is identical to case number 88–3084. The cases have been consolidated on the Court's docket. For the reasons given below, the Court DENIES the Motion to Remand.

PROCEDURAL HISTORY

(1) George J. Courville originally filed this civil action against Texaco, Inc. on July 19, 1988 (Civil Action No. 88–3084, Section "C" (2)) ("Courville I").

(2) On January 13, 1989, plaintiff filed a First Amended Seaman's Complaint adding his wife as a party plaintiff to the litigation.

(3) On May 22, 1989, after nearly a year of discovery under federal court auspices, including the retention of liability experts, medical experts and economists, a Pre-trial Conference was held in anticipation of a trial in U.S. District Court on June 5, 1989.

(4) Shortly thereafter, the trial was continued on plaintiffs' motion. Plaintiffs' original attorney, Joshua A. Tilton, was discharged, and Louis St. Martin was retained as plaintiffs' counsel.

(5) Plaintiffs then filed a Second Amended Complaint in Courville I naming Plaisance Drag Line and Dredging Company, Inc. ("Plaisance") as a co-defendant in the matter. Plaisance filed an Answer in these proceedings and noticed the depositions of Mr. and Mrs. Courville for November 3, 1989 at the offices of Louis St. Martin in Houma, Louisiana.

(6) On June 20, 1989, George and Corrine Courville then filed suit against Texaco, Inc. in the District Court of Matagorda County, Texas through yet a third attorney, Don Weitinger of the law firm of Ernest Cannon & Associates in Houston, Texas.

(7) On August 7, 1989, Texaco filed its Notice of Removal of the case at bar in the United States District Court, Southern District of Texas, Galveston Division. Texaco received a copy of the Petition less than 30 days prior to the filing of the notice. Contemporaneous with that filing, Texaco filed a Motion to Transfer the case to the Eastern District of Louisiana, since the identical causes of action were pending and set for trial in the Louisiana federal forum.

(8) Pursuant to Rule 6(D), Local Rules of the United States District Court for the Southern District of Texas, the Motion to Transfer was to be submitted to the Court for reconsideration on August 28, 1989. Rule 6(E) of the Local Rules requires a response by the date of submission. Significantly, a "[f]ailure to respond will be taken as a representation of no opposition." No response was filed, and the Court, on August 29, 1989, ordered the lawsuit transferred to the United States District Court for the Eastern District of Louisiana.

(9) Thereafter, the case was designated as Civil Action No. 89–3865, Section "L" (4) ("Courville II"). Courville II was then transferred to this Section where it was consolidated with Civil Action No. 88–3084 on September 14, 1989.

(10) Subsequent to the transfer to this District, plaintiffs filed a Motion to Remand in the Southern District of Texas. The petitioners filed their *"first"* Motion for Reconsideration in the Southern District of Texas of the Court's Order of August 29, 1989, transferring the case to the Eastern District of Louisiana. Texaco, Inc. timely filed an Opposition Memorandum, and the motion was denied on September 27, 1989 by U.S. District Judge Hugh Gibson.

(11) Plaintiffs filed a Second Motion for Reconsideration in the Eastern District of Louisiana, challenging Judge Gibson's Order of August 29, 1989, transferring Courville II to the U.S. District Court for the Eastern District of Louisiana. Texaco, Inc. again timely filed an Opposition Memorandum. The Court denied the Motion on October 18, 1989.

(12) On October 24, 1989, plaintiffs filed a Petition for a Writ of Mandamus to the Honorable Hugh Gibson, United States District Judge of the Southern District of Texas.

(13) On November 7, 1989, plaintiffs filed a Motion and Order to Dismiss Plaisance, without prejudice, from the federal litigation.

(14) On November 13, 1989, the United States Court of Appeals for the Fifth Circuit denied the Writ of Mandamus.

(15) Although the Fifth Circuit indicated that the Courvilles were entitled to have their Motion to Remand properly considered, plaintiffs failed to take any action with this Court in addressing the issue and proceeded to prosecute this case through a considerable amount of discovery and other pre-trial matters. For example, plaintiffs noticed the deposition of Claude Becnel and Charles Thomas on December 4, 1989 and issued 18 trial subpoenas in anticipation of the trial on May 7, 1990.

LAW

The Court finds that Civil Action No. 89–3865 has absolutely no relation to Matagorda County, Texas. The alleged action occurred on a dock in Louisiana territorial waters. Plaintiff is a resident of Golden

Meadow, Louisiana. The defendant is a Delaware corporation with its principal place of business in New York. The witnesses who will be called to testify at trial, including fact witnesses, physicians, liability experts and economists, are all residents of the State of Louisiana.

The Court shall consider and weigh the values of judicial economy, convenience, fairness and comity in order to decide whether to retain jurisdiction over a case that was originally filed in federal district court in New Orleans. The balance of these factors clearly indicates that the plaintiff has chosen his forum and should be compelled to litigate those issues that are presently before the Court.

This Court was faced with a similar scenario in *In re Ocean Ranger*, 617 F.Supp. 435 (E.D. La.1985). In that case, defendant, ODECO, sought to enjoin the Canadian claimants from filing and/or prosecuting their suits in Texas state courts or any other court in the United States. In that case, the Court determined that Canadian law governed the controversy and granted the Motion to Dismiss the Canadian claimants on the ground of forum non conveniens. As in this case, the Canadian claimants filed an action in Matagorda County, Texas. This Court granted the motion of defendants and issued an injunction prohibiting plaintiffs from prosecuting their suits in Matagorda County.

Although the Court in the instant case has not issued a judgment nor have the defendants sought an injunction against plaintiffs, the factual scenario remains the same. Plaintiffs in *Courville* are attempting to circumvent the jurisdiction of this Court by filing an identical lawsuit in Matagorda County, Texas. It is clear that Courville II will prejudice the defendant by forcing it to defend the same cause of action in two different forums.

■ As a general rule, Jones Act cases are not removable. *Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir.1967); 28 U.S.C. § 1445(a). However, in certain circumstances, a party may waive his right to have a case remanded even after a wrongful removal. *Grubbs v.*

*General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

■ It is also well settled that when a party undertakes affirmative action in the federal district court, they have acquiesced in the federal court's jurisdiction and waived objection to the removal. See *In re Moore*, 209 U.S. 490, 496, 28 S.Ct. 585, 586–87, 52 L.Ed. 904 (1908) (if a non-removing party has taken action in federal court, such as by amending the complaint, that party has essentially acquiesced in the federal court's jurisdiction), *overruled in part on other grounds, Ex parte Harding*, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252 (1911). *See also, Harris v. Edward Hyman & Co.*, 664 F.2d 943, 944–46 (5th Cir.1981).

■ It is likewise settled that the district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings. See *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 118 (5th Cir.1987) (*en banc*); *Johnson v. ODECO Oil & Gas Company*, 864 F.2d 40 (5th Cir.1989); *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 6 (1st Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983).

■ The Fifth Circuit, sitting *en banc*, recently held that where a plaintiff in a Jones Act case fails to object promptly to removal and "participates in the conduct of that action," then it is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand. *Lirette*, 820 F.2d at 118. Thus, under *Lirette*, the extent of a plaintiff's conduct in the federal proceedings determines whether he has "waived his statutory right to object to the exercise of subject matter jurisdiction by the United States District Court." *Id.* In the instant case, before filing an identical lawsuit in Texas state court, plaintiffs engaged in extensive discovery including the deposition testimony of several Texaco employees. The plaintiffs also filed a motion to sever the maintenance and cure cause of action from the main demand in the federal

forum. Motion practice in the federal forum has been extensive as evidenced by the record. Two pre-trial conferences have been held in this case. Both parties have retained liability experts, medical experts and economists in anticipation of a trial by jury in the U.S. District Court for the Eastern District of Louisiana.

The conclusion that plaintiffs have waived their right to seek remand is supported by *Johnson v. ODECO Oil & Gas Company,* 864 F.2d 40 (5th Cir.1989). In *Johnson,* plaintiff did not object to removal of the Jones Act claim until almost one year after the suit was filed. After removal, plaintiff engaged in discovery, amended his complaint to join new parties, and waited until motions for summary judgment were filed before requesting remand. *See also, Farm Construction Services, Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir.1987); *Nolan v. Prime Tanning Co.,* 871 F.2d 76, 79 (8th Cir.1989).

Although *Lirette* and *Johnson* did not involve multiple proceedings, the Court finds the same rationale applicable and extends it to the case at bar. Plaintiffs' affirmative conduct and acquiescence to the federal forum in *Courville I* operates as a waiver in an identical action involving the same parties. Plaintiff's conduct in the federal forum can only be classified as "affirmative"—and an "unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Godman v. Sears, Roebuck & Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984); *Feller v. National Enquirer,* 555 F.Supp. 1114, 1121 (N.D.Ohio 1983), *quoting Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D. N.Y.1968).

In *Harris v. Edward Hyman Co.,* 664 F.2d 943 (5th Cir.1981), the Fifth Circuit held that a "party who delays in seeking a remand, *or* otherwise participates in the proceedings in district court" may be precluded from objecting to removal on timeliness grounds. 664 F.2d at 945. The Court found that the plaintiff had waived a right to a remand to state court by serving discovery requests on the defendants after removal to federal court. *Id.* at 945. In this case, plaintiffs made a similar waiver by originally filing Courville I, participating in discovery and other pretrial litigation matters, including attending two pre-trial conferences. The record is clear that the plaintiffs never sought to protect themselves against the waiver in this case by requesting a Stay of Discovery nor did the plaintiffs seek a reconsideration of the Motion to Remand until the Court, on its own motion, raised the issue at the pre-trial conference on April 26, 1990. Despite an invitation to file a motion to remand from the U.S. Fifth Circuit Court of Appeals on November 13, 1989, this action proceeded with Mr. and Mrs. Courville giving no indication that they were dissatisfied with the federal forum. These acts are consistent with a waiver of a litigant's right to seek a remand to state court.

Plaintiffs' procedural tactics in this case amount to a blatant display of "forum shopping" and "forum manipulation."

CONCLUSION

Plaintiffs request this Court to *"pretend"* that suit was never filed in the U.S. District Court for the Eastern District of Louisiana. Plaintiffs also suggest that this Court *"ignore"* the facts that they engaged in considerable discovery for nearly two years in the federal forum and continued to vigorously prosecute the lawsuit in this Court. Finally, plaintiffs request this Court to *"isolate"* the state lawsuit as if the federal lawsuit never existed.

The Court cannot honor plaintiffs' requests. Plaintiffs have actively participated in the federal forum for nearly two years, and the lawsuits are identical in nature. This Court cannot ignore the record in Civil Action No. 88–3084 when making its determination as to whether plaintiffs waived the right to object to the removal petition.

There is no dispute in this case that the plaintiffs filed a second, identical lawsuit against the defendant, Texaco, Inc., in the 23rd Judicial District Court in Matagorda County, Texas, alleging the identical causes of action (Jones Act, unseaworthiness and maintenance and cure) as a result of the same accident (February 13, 1988) as was

pleaded in the original complaint filed in U.S. District Court in the Eastern District of Louisiana in July of 1988. Plaintiffs expressly concede in their motion to remand that the two cases are identical in nature, but contend that this fact is irrelevant.

This Court finds that plaintiffs' affirmative conduct in this Court is sufficient to constitute a waiver of their right to seek a remand. The Motion to Remand is DENIED, and Civil Action No. 89–3865 is DISMISSED.