United States Court of Appeals,

Fifth Circuit.

No. 92-1567

Summary Calendar.

Gilda F. WILLIAMS, Plaintiff-Appellant,

v.

AC SPARK PLUGS DIVISION OF GENERAL MOTORS CORPORATION, Defendant-Appellee.

March 11, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Gilda Williams appeals a judgment dismissing her claims against the AC Spark Plugs Division of General Motors Corporation ("GM"). She argues that the district court had no jurisdiction and that its findings are vague and incorrect. We affirm.

I.

Williams started to work at GM's Wichita Falls, Texas, plant in 1979. She is a citizen of Texas; GM is incorporated in Delaware and has its principal place of business in Michigan. In May 1986, Williams developed pain in her wrist and arm, which her family doctor diagnosed as work-related carpal tunnel syndrome. Her doctor restricted her to perform only light duty work. Apparently, rather than putting Williams on light duty work, her supervisor at GM told her to "float around."

On May 7, 1987, Williams began a medical leave of absence. From that time until May 1988, she received workers' compensation benefits. In May and July 1987, she underwent surgery on both arms. On April 25, 1988, she returned to her job but did not work a full day, because she experienced pain and swelling in her fingers. She returned to work the next day but was not able to complete either the loading or unloading positions to which she was assigned. After half a day, she left work and did not return.

Williams's doctor sent a letter on April 28, 1988, to inform GM that he was placing her on sick leave. On May 12, the doctor wrote a letter to GM stating that he was releasing Williams to return to light work. Williams did not return to work. She claims that she believed her doctor had put her back on medical leave.

On May 18, GM sent Williams a letter pursuant to the collective bargaining agreement between GM and her union, informing her that if she did not return to work, her seniority would be broken. GM sent another letter to the same effect on May 24. On June 6, GM sent a final letter to Williams advising her that her seniority was broken because she had not returned to work. Williams testified that she was terminated on June 5; GM maintains that she voluntarily quit her job as of June 6.

Williams's doctor wrote a letter, dated May 20, 1988, which stated that he considered Williams to be on medical leave pending further evaluation. The envelope containing this letter had a postmark of May 23 and a postage meter mark of June 23. Two GM employees testified that GM did not receive this letter until after June 6. The district court concluded that the June 23 postmark "was the one accurately mailed the date of posting."

On May 31, 1990, Williams filed suit against GM in Texas state court, alleging that GM had terminated her in violation of the Texas Workers' Compensation Act, TEX.REV.CIV.STAT.ANN. art. 8307c, and that GM had wrongfully discharged her with malice and without just cause in violation of state common law. On July 12, 1990, GM filed a notice of removal, contending that it was allowed to remove the case based upon diversity of citizenship under 28 U.S.C. § 1441(a) and the existence of a federal question under 28 U.S.C. § 1441(b).[1] As the basis for federal question jurisdiction, Williams's pleadings contained a claim dependent upon an analysis of the terms of the collective bargaining agreement covering her employment, a contract within the ambit of 29 U.S.C.

---

[1] Williams originally contested the diversity issue, maintaining that GM's notice of removal alleged only that she was a resident, not a citizen, of Texas. At the time of the pretrial order, however, Williams had admitted that diversity of citizenship existed. The amount in controversy was always greater than the requisite $50,000.

§ 185(a).[2]  Williams took no action to remand the case within thirty days of its removal.

On December 11, 1991, more than a year after removal, the district court ordered the parties to address the question of whether it should remand.  On February 27, 1992, the court refused to remand, deciding diversity jurisdiction existed, notwithstanding any initial pleading inadequacies, and that removal was proper because the parties' dispute was governed by the collective bargaining agreement, so that section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, preempted Williams's claims under article 8307c.

At a pretrial conference on June 1, Williams abandoned all of her state common law claims, leaving only her article 8307c claim.  The next day, the district court filed an order dismissing with prejudice all of Williams's claims, except the article 8307c claim.  On June 3, Williams reasserted her position that the district court ought to remand the case to state court.

A bench trial took place on June 8.  The court refused to find that GM had discharged Williams because she filed a workers' compensation claim.  It also refused to find that GM willfully or maliciously had discharged Williams in violation of the Texas Workers' Compensation Act.  The court also noted that section 301 did not preempt Williams's article 8307c claim.  The court entered final judgment on June 9, directing that Williams take nothing.

## II.

We first examine the question of jurisdiction.  Under 28 U.S.C. § 1445(c), a defendant may not remove a civil action arising under a state's workers' compensation laws.[3]  This statute does not, however, resolve the issue.

We turn to 28 U.S.C. § 1447(c), which states,

A motion to remand the case on the basis of any defect in removal procedure must be made

---

[2]Specifically, GM pointed out that ¶ 64 of the collective bargaining agreement covers the breaking of seniority.  GM notified Williams that her seniority was broken under ¶ 64.  Because she failed to initiate a grievance as the agreement required, GM asserts she was precluded from seeking relief as she did in filing suit in state court.

[3]Section 1445(c) states,

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

This statute makes a distinction between procedural defects in removal and lack of subject matter jurisdiction. If a plaintiff finds fault with a procedural element in removal, he has only thirty days in which to make a motion to remand. On the other hand, if he asserts that the federal court lacks subject matter jurisdiction, he may move to remand at any time before final judgment.

The crucial issue in this case, then, is whether GM's removal was a procedural defect that required Williams to move for remand within thirty days. We conclude that the statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect that Williams waived.

This court has never addressed the issue of a defect in removal under section 1445(c). We have, however, examined removals under section 1445(a), which bars removal of, among other actions, a Jones Act (46 U.S.C. § 688) claim filed in state court.[4]

In *Lirette v. N.L. Sperry Sun, Inc.,* 820 F.2d 116, 117 (5th Cir.1987) (en banc), a worker sued his employer in state court, alleging negligence under the Jones Act. The defendant removed to federal court, and the plaintiff made no motion to remand within thirty days. *Id.* We held that the section 1445(a) "bar to removal may be waived by a litigant's failure to object to such removal in district court." *Id.* We reasoned that when an action is initially removed improperly and the case is tried on its merits, the subsequent issue becomes " "not whether the case was properly removed, but whether the federal district court would have had jurisdiction of the case had it been filed in that court.' " *Id.* (quoting *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972)).

---

[4]Section 1445(a) states,

> (a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may not be removed to any district court of the United States.

In 46 U.S.C. § 688, the Jones Act incorporates the general provisions of the Federal Employer's Liability Act, including § 1445(a).

In *In re Shell Oil Co.,* 932 F.2d 1518, 1521 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 914, 116 L.Ed.2d 814 (1991), we considered whether removal in violation of 28 U.S.C. § 1441(b),[5] which prohibits removal if any defendant is a citizen of the state in which the action was brought, is a defect in removal procedure under section 1447(c). The plaintiffs sued several defendants, including two Texas citizens, in Texas state court, and all of the defendants joined in removal to federal court. 932 F.2d at 1518. Thirty-three days after removal, the plaintiffs moved to remand because of the presence of the two Texas defendants; the district court remanded. *Id.*

We confronted the question of what the language "any defect in removal procedure" in section 1447(c) means. *Id.* at 1521. We first acknowledged the distinction between defects in removal procedure and lack of subject matter jurisdiction, *Id.* at 1522, then noted that section 1447(c) " "requires remand *on any ground other than lack of subject matter jurisdiction* to be sought within 30 days of the filing of a notice of removal.' " *Id.* (quoting 14A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739, at 95 (2d ed. Supp.1990)). We concluded that "any defect in removal procedure" includes any nonjurisdictional defect that existed at the time of removal. *Id.* We held that since the presence of Texas defendants—not allowed under section 1441(b)—was not a problem of subject matter jurisdiction, the plaintiffs had waived their objection to the improper removal by waiting more than thirty days to move for a remand. *Id.* at 1523.[6]

---

[5]Section 1441(b) states,

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[6]We note that in *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1143 (8th Cir.1992), the court allowed remand almost a year after removal. The court held that the presence of a defendant who was a citizen of the state in which the action was initially brought was not a procedural defect, but rather created an absence of subject matter jurisdiction. *Id.* at 1145-46. *See also Melahn v. Pennock Ins.,* 965 F.2d 1497, 1502-03 (8th Cir.1992) (criticizing *Shell Oil* and deciding that motion to remand based upon abstention, even though made more than 30 days after removal, was not covered by § 1447(c)); *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1213 (3d Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (since "not all non-jurisdictional motions for remand are governed by the 30-day time limit," a motion to remand made 54 days after removal based upon a forum selection clause is not covered by § 1447(c)).

In *Baris v. Sulpicio Lines,* 932 F.2d 1540, 1543 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 420, 116 L.Ed.2d 449 (1991), we confronted the issue of whether a plaintiff waived his right to challenge a possibly improper removal of an action under the "saving to suitors" clause of 28 U.S.C. § 1333(1)[7] because he had failed to file a motion for remand within thirty days after removal as section 1447(c) requires. Alluding once more to the difference between a procedural defect and subject matter jurisdiction, we declared that a procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court...." 932 F.2d at 1544. A plaintiff may waive an irregularity in removal, and if he does, a federal court may proceed with a removed case subject to its original jurisdiction. *Id.* We concluded that even if the case was improperly removed under section 1333(1), any possible defect in removal would have been merely a procedural defect, one that the plaintiff waived by failing to move for remand within thirty days, because we had original jurisdiction under the Death on the High Seas Act, 46 U.S.C. § 761. 932 F.2d at 1545-46.

Thus, our recent cases yield the following rule: If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection. Only in the case of a lack of subject matter jurisdiction—such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal—may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.[8]

---

For criticism of *Hurt, see* Quentin F. Urquhart, Jr., *Waiver of Defects in Jurisdiction: Another Path to Federal Court,* DEFENSE, *DEC.1992, AT 7.*

[7]Section 1333(1) provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

[8]*See also In re Digicon Marine, Inc.,* 966 F.2d 158, 160 (5th Cir.1992) ("all removal defects are waivable except for lack of original subject matter jurisdiction...."); *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992) (motion to remand based upon § 1446(b) made 20 months after removal was waivable

Williams could have brought her state workers' compensation claim originally in federal district court on the basis of diversity. She chose instead to file in state court. By waiting for more than thirty days after removal to object, Williams waived her right to remand.[9]

III.

Williams next argues that the district court did not make its findings of fact with sufficient specificity and particularity. The Amended Joint Pre-Trial Order listed twenty-nine stipulated facts and twenty-two contested issues of fact. Williams complains that it is "unclear" what the district court meant in its findings on contested issue number 1 and contested issue number 10. Number 1 deals with whether Williams quit her job or was fired; number 10 concerns any link between Williams's discharge and her workers' compensation claim. Because of these alleged lapses in clarity, Williams insists that we cannot review the district court's findings under that clearly erroneous

procedural defect).

[9]At least two district courts have addressed this question and arrived at opposite results. In *Cook v. Shell Chem. Co.,* 730 F.Supp. 1381, 1382 (M.D.La.1990), the court held that by analogy to the § 1445(a) analysis in *Lirette,* the plaintiff's failure to object within 30 days to removal of a workers' compensation suit worked as a waiver under § 1445(c). In *Blackmore v. Rock-Tenn Co.,* 756 F.Supp. 288, 289 (N.D.Tex.1991), the court *sua sponte* remanded a Texas workers' compensation action more than 30 days after removal. The defendant had objected to the remand, claiming that the district court had original jurisdiction because diversity of citizenship existed. *Id.* Assuming diversity existed, the remand is questionable.

> We note that GM originally removed this case based upon federal question jurisdiction as well as diversity. Because we have decided that there was diversity, we need not decide whether a federal question was presented.

> Williams also apparently argues that once she abandoned any claims that might involve a federal question, the district court should have remanded because only state claims remained. Because the parties were of diverse citizenship, the district court's substantive subject matter jurisdiction still existed, so the refusal to remand was not error. *See Pope v. MCI Telecommunications Corp.,* 937 F.2d 258, 263 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1956, 118 L.Ed.2d 558 (1992).

> In addition, Williams appears to contend, in her reply brief, that if a federal question was present in her original claim, the initial removal was not flawed. Williams then maintains that only when she abandoned all claims having a basis in federal law did the § 1445(c) prohibition against removal of a diversity case come into play, and at that point, Williams still had 30 days to move for remand. We reject this argument. Williams has contested the existence of a federal question from the outset. She may not now argue that, because a federal question might once have been present but has since disappeared, only at this point did the removal based upon diversity become impermissible under 1445(e).

standard of FED.R.CIV.P. 52(a).

We agree with Williams that the clearly-erroneous standard governs our review of the district court's findings of fact. *See Pullman-Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1987). We do not agree with her conclusions, however. The district court's findings with regard to contested issues six through nine conclusively show that the court found insufficient evidence that GM discharged Williams because she filed a workers' compensation claim, because she hired a lawyer to represent her in her claim, or because she instituted proceedings under the Texas Workers' Compensation Act. The court stated that it "did not find that the defendant was motivated to do anything it did by reason of the plaintiff's workers' compensation claim." After reviewing the record, we find no reason to disturb these sufficient findings.

IV.

Williams's final point of contention is that the district court erred in concluding that GM terminated her because she did not notify GM of the reason for her absence from work after May 12, 1988. Williams would have us take judicial notice that the envelope containing a letter from the doctor stating that he considered Williams again to be on sick leave as of May 20 was mailed on May 23, despite the fact that the envelope bears a postage meter mark of June 23 as well as a postmark with the date May 23 on it. Williams suggests that the June 23 marking was an error.

The district court rejected this argument, specifically finding that the June 23 postmark accurately reflected the date of posting. This finding is not clearly erroneous. Two GM witnesses testified that they had not received this letter as of June 6. We find nothing in the record that compels us to conclude that the letter was mailed on May 23 and that GM therefore had notice of the fact that Williams once again was on medical leave. To the contrary, we note that GM sent warnings to Williams on May 18 and May 24 that her seniority would be broken if she did not explain her absence. The district court found that Williams did not offer a timely explanation to GM and that therefore she did not prove by a preponderance of the evidence that GM violated the Texas Workers' Compensation Act. None of these findings was clearly erroneous.

V.

In summary, we find that because the district court's retention of jurisdiction of this case in spite of 28 U.S.C. § 1445(c)'s prohibition was a procedural defect, the district court correctly refused to remand the case after the thirty-day time period under 28 U.S.C. § 1447(c) had lapsed. The court's findings of fact were sufficiently translucent for use to conclude that they were not clearly erroneous. We therefore AFFIRM.