IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 95-30514
Summary Calendar

―――――――――――――

ROGER D. CROWE,

Plaintiff-Appellee,

versus

STEWART MACHINE & ENGINEERING CO., INC.;
JAMES G. BUCHART; NEW HAMPSHIRE INSURANCE
COMPANY,

Defendants-Appellants.

―――――――――――――

Appeal from the United States District Court for the
Eastern District of Louisiana
(CA-90-3933-J)

―――――――――――――

January 29, 1996
Before GARWOOD, JOLLY and PARKER, Circuit Judges.[*]

PER CURIAM:

Defendants-appellants appeal the judgment following retrial on damages as per our previous opinion. *Crowe v. Stewart Machine & Engineering Co. and James G. Buchart*, No. 92-3535 (5th Cir. Aug. 30, 1993) (unpublished). This suit is for damages sustained in a February 3, 1990, accident in which appellant James Buchart (Buchart), driving a truck owned by his employer, appellant Stewart

―――――――――――――

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Machine & Engineering Co. (Stewart Machine), rear-ended the vehicle driven by plaintiff-appellee Roger Crowe (Crowe), as a result of which Crowe suffered several severe injuries requiring hospitalization and surgery on his back and neck. On May 29, 1990, Crowe was involved in another accident when he was rear-ended by a vehicle driven by Terry King (King), an employee of Saucier Construction Co. (Saucier), after which Crowe underwent additional surgery and hospitalization.

Crowe brought this suit against Buchart and Stewart Machine, and Buchart and Stewart Machine brought a third-party claim against King and Saucier (and its insurer). King and Saucier were not made defendants to Crowe's claims. At the close of the evidence in the jury trial, the district court, on Crowe's motion, granted him judgment as a matter of law as to liability for the February 3 accident against Buchart and Stewart Machine, and, on the motion of Buchart and Stewart Machine, granted judgment as a matter of law that King and Saucier were liable for the May 29, 1990, accident, and the trial proceeded on the issue of damages. The jury found Crowe suffered no damages from the May 29 accident, and $197,000 damages from the February 3 accident. As to the February 3 accident, the jury found no lost wages or loss of future earning capacity, $135,000 for past and future physical pain and mental suffering, $50,000 for past medical, and $12,000 for future medical. Judgment was entered in favor of Crowe and against Stewart Machine and Buchart for $197,000; the judgment likewise dismissed the third-party complaint of Stewart Machine and Buchart

2

against King and Saucier (and its insurer).  Crowe appealed the denial of his motion for new trial complaining of the inadequacy of the damages found as to the February 3 accident; the liability of King and Saucier for the May 29 collision, and the award of no damages in respect thereto, was not appealed.  On appeal we awarded a new trial on damages, as there was no legitimate explanation for the award of only $50,000 past medical since the undisputed evidence showed at least $92,000.

Retrial was ultimately set for November 21, 1994, only on the issue of past medical.  However, On November 7, 1994, a different panel of this Court granted Crowe's petition for mandamus and ordered retrial on all items of Crowe's damages.  In the interim, Stewart Machine had taken bankruptcy and thereafter, in July 1994, Crowe, with leave of court, had added appellee New Hampshire Insurance Company (New Hampshire), Stewart Machine's liability carrier, as a defendant.  On retrial, the parties stipulated that Crowe's recoverable past medical expenses for the February 3 accident were $137,014.19.  The jury returned a general verdict of $701,000 for damages proximately caused by the February 3 accident exclusive of past medical expenses (which the jury was expressly told *not* to include, as that had been stipulated).  The jury was also instructed to consider only past and future physical pain and suffering and mental anguish and suffering, permanent residual disability, past lost wages and loss of future earning capacity, and reasonable future medical expenses.  Judgment was entered in Crowe's favor against Stewart Machine, Buchart, and New Hampshire

3

for a total of $838,014.19 with interest from date of judgment (prejudgment interest was disallowed).

Appellants assert that the trial court erred by granting Crowe's motion *in limine* to exclude evidence of the May 29 accident. The record reveals that Crowe filed such a motion; it also reflects the district court's two handwritten notations, each dated November 16, 1994, one on a form of order on the motion *in limine*, marked "Denied," and the other on a form of order on a motion for expedited hearing on the motion *in limine*, marked "Denied—the issues raised by the motion in limine will be decided at trial as necessary." Appellants have supplemented the record with a January 27, 1995, affidavit by former counsel filed in the district court and a partial transcript of a hearing before the district court on their motion to supplement the record in this respect. The affidavit states that on the morning trial began, November 21, 1994, there was a conference in the judge's chambers, not made a part of the record or attended by the court reporter, at which Crowe's motion *in limine* was discussed and "the court made it clear to both attorneys, that it was his position that there should be absolutely no mention of the second accident of May 29, 1990, either by fact witnesses, or expert witnesses, be they doctors or economists."[1] The transcript of the hearing on the motion to supplement reflects that the district court did not ultimately accept or reject the contention that he had so ruled on the motion

---

[1]The docket sheet does not reflect any pretrial hearing November 21, or any order then on any motion.

*in limine*, stating "the record will reveal what happened" and "I don't have an independent recollection of it and I am not going to accept yours unless you can show me in the record." This hearing transcript also reflects the district court's seeming belief that the May 29 accident was not material. We conclude that the district court did grant Crowe some relief on his motion *in limine* as to the May 29 accident, but precisely what relief, or just how firm the district court's ruling was, we are unable to ascertain.

The only mention at the second trial of the May 29, 1990, accident was on direct examination of one of Crowe's doctors who testified before the jury—without any objection—that Crowe had stated that "[t]wo weeks later [after his May 1990 surgery] he had a second motor vehicle accident with fracture of the fusion at C3-4 and was reoperated, but since that time, had persistent neck and left shoulder pain with numbness of the outer aspect of his arm and hand."

At no time during the second trial did any of appellants make or seek leave to make any offer or proof whatever (specific or general)—out of the presence of the jury or otherwise—respecting the May 29 accident. Indeed, there is nothing in the record to show that any appellant opposed the motion *in limine* or ever expressed the desire to introduce evidence of the May 29 accident. No such showing is even made by former counsel's above-mentioned January 27, 1995 affidavit.

Under these circumstances, the claim of error has not been properly preserved. *See United States v. Graves*, 5 F.3d 1546, 1552

5

(5th Cir. 1993), *cert. denied*, 114 S.Ct. 1829 (1994), where we observed:

> "One commentator advises that 'where an objection [in the form of a motion in limine] has been sustained an offer of proof should be made at trial to make sure that appeal rights are preserved.' *See* 1 John W. Strong et al., McCormick on Evidence § 52 at 203 (4th ed. 1992) (footnote omitted). This advice is well taken in this Circuit." *Id.*

*See also* Federal Rule of Evidence 103(a)(2).[2] We decline the invitation to reverse on this ground.

Appellant New Hampshire next claims that it should have been dismissed because the Louisiana Direct Action Statute did not apply as the accident occurred in Mississippi and its policy was delivered there. However, not even a hint of any such contention was ever raised prior to the return of the verdict. We will not countenance such sandbagging. *Cf. Sierra Club v. Yeutter*, 926 F.2d 429, 434-436 (5th Cir. 1991); *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc). There was proper jurisdiction, both personal and subject matter (diversity).

It is next claimed that the verdict was excessive. Given the limited review available to us, we reject this contention. We note that over $137,000 in past medical was stipulated, thus obviously reflecting very serious injury. Appellants point to the differences in the size of the verdicts as between the first and

---

[2]We also note that the district court instructed the jury that:
"You are not to award damages for any injury or condition from which the Plaintiff may have suffered or may now be suffering unless it has been established by a preponderance of the evidence in this case that such injury or condition was proximately caused by the accident in question."

6

second trial.  However, much of this is accounted for by the fact that in the first trial no past or future wage loss was awarded. In the second trial, even appellants' economist admitted to $256,000 past and discounted future lost wages, while Crowe's expert testified to $315,000 as the appropriate figure.  Both experts also estimated future medical at about $40,000 discounted (compared to only $12,000 awarded in the first trial).  Taking the average between the two experts produces about $325,000 for the total of lost past and discounted future lost wages and discounted future medical, leaving some $376,000 for past and future pain and suffering.  We are unable to say that this is so plainly excessive as to authorize us to award a new trial or a remittitur.

Finally, appellants complain of the overruling of their motion for continuance occasioned by our November 7, 1994, mandamus.  We cannot say that counsel should have been surprised by that ruling, or that the two weeks remaining were insufficient to prepare for the second trial of this case.  No abuse of discretion by the district court has been shown.  We reject this contention.

A third trial of this case is neither required nor appropriate.

The judgment of the district court is

AFFIRMED.

7