Patricia **VINSON**, Plaintiff,

v.

**SCHNEIDER NATIONAL CARRIERS, INC.**, Defendant.

**Civil Action No. 3:12–CV–3670–L.**

United States District Court, N.D. Texas, Dallas Division.

April 29, 2013.

Jamie Jean McKey, Joe Kendall, Matthew R. Scott, Kendall Law Group LLP, Dallas, TX, for Plaintiff.

Michael H. Bell, Ogletree Deakins Nash Smoak & Stewart, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SAM A. LINDSAY, District Judge.

Before the court is Plaintiff's Motion to Remand, filed September 11, 2012. After carefully reviewing the motion and brief, response and brief, reply, record, and applicable law, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the County Court at Law No. 1, Dallas County, Texas.

## I. Background

■ On August 14, 2012, Patricia Vinson ("Vinson" or "Plaintiff") originally filed this action against Schneider National Carriers, Inc. ("SNC" or "Defendant") in County Court at Law No. 1, Dallas County, Texas. Plaintiff asserted claims for disability discrimination, disability harassment, and disability retaliation, pursuant to section 21.051 of the Texas Labor Code. Vinson also asserted a claim for disability discharge, contending that "Defendant discriminated against Plaintiff and terminated her employment because Plaintiff filed a claim for workers' compensation benefits." Pl.'s Orig. Pet. 5. She asserted this claim pursuant to section 451.001 of the Texas Labor Code. Although Vinson filed Plaintiff's First Amended Petition on October 9, 2012, the court is required to consider her pleadings as they existed at the time of removal. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). In any event, the nature of the claims asserted in the amended pleading does not change, and, therefore, the court's analysis is not affected.

Defendant removed this action to federal court on September 10, 2012, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Vinson contends that this action should be remanded to state court because SNC removed an action that includes a claim that is nonremovable and 28 U.S.C. § 1445(c) deprives this court of jurisdiction over actions removed to federal court based solely on diversity of citizenship.

Defendant counters that the court has diversity jurisdiction over Plaintiff's claims under section 21.051 of Texas Labor Code and that 28 U.S.C. § 1445(c) does not destroy the court's diversity jurisdiction over these state law claims. SNC disagrees that section 1445(c) mandates remand of workers' compensation claims in diversity cases but not federal question cases. Defendant also argues that the court should sever the workers' compensation claim under section 451.001, remand it to state court, and exercise jurisdiction over the section 21 claims for which diversity jurisdiction exists.

■ Vinson disagrees and contends that 28 U.S.C. § 1445(c) permits a severance and remand only when an action includes a nonremovable claim that is joined with a federal claim. In other words, according to Vinson, there can be no severance and remand of a claim when the basis for removal of a civil action is diversity jurisdiction and the action includes a nonre-

movable claim or cause of action. The court agrees.

## II. Discussion

### A. Subject Matter Jurisdiction and Procedural Defects

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) ("federal court may raise subject matter jurisdiction *sua sponte* "). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction, that is, the defendant must establish that the action falls within one of the two previously listed types of civil cases.

The court sets out the jurisdictional framework because: (1) the parties seem to view the determinative issue as jurisdictional rather than procedural; and (2) the framework sets forth the type of cases over which a federal court has original jurisdiction. Although the general removal statute allows removal based on diversity, as will be discussed later, it does not apply to those actions arising under the workers' compensation laws of a state. 28 U.S.C. § 1445(c). A "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir.1993). A procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.1991) (citation omitted). Vinson's "claim of retaliatory termination under § 451.001 is a claim arising under Texas worker's compensation laws." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir.1998) (citation omitted). Nothing prohibits a plaintiff from *originally filing* a case in federal court that includes a claim arising under the workers' compensation laws of a state as long as diversity or federal question jurisdiction exists. The prohibition is on the *removal* of such civil action. In this case, had Vinson so elected, she could have brought

this action in federal court because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See Williams,* 985 F.2d at 788. The question is not whether this action could have been brought originally in federal court but whether it was removed contrary to a statutory restriction.* For this reason, whether this action is remanded in its entirety or stays in federal court with a severance and remand of the section 451.001 claim is not decided on the existence of subject matter jurisdiction but whether the removal was procedurally defective and whether the court has the authority to sever and remand claims filed pursuant to section 451.001. The issue of diversity is quite beside the point in this instance.

## B. Relevant Statutes

Several statutes are relevant to the disposition of Plaintiff's Motion to Remand. They include the general removal statute, a limiting statute, and one dealing with the joinder of federal and state law claims. The general removal statute provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). This general right of removal, however, is subject to the limitation of another statute that provides, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district

court of the United States." 28 U.S.C. § 1445(c). The third and final statute relevant to the court's analysis provides as follows:

> **(c) Joinder of Federal law claims and State law claims.—**
> (1) If a civil action includes—
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). This is the current version of section 1441(c), and it was enacted on December 7, 2011, and became effective on January 6, 2012. *See* Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758. While the other two statutory provisions are important to the resolution of Plaintiff's Motion to Remand, section 1441(c) and its predecessors warrant the most discussion.

---

* Vinson timely moved to remand this action within thirty days of removal as required by 28 U.S.C. § 1447(c). Had Vinson not done so, she would have waived her right to move for remand of her section 451.001 claim, and

the court could exercise subject matter jurisdiction over this claim, even though it was removed in violation of 28 U.S.C. § 1445(c). *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.,* 985 F.2d at 787–88 (5th Cir.1993).

An earlier version of section 1441(c) provided as follows:

> Whenever a separate and independent claim or cause of action which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1948). From the plain text of the statute as it existed in 1948, no distinction as to removability was made regarding claims based on diversity and those based on federal question when they were joined with a nonremovable claim. This is so because the phrase "a separate and independent claim or cause of action which would be removable if sued upon alone" clearly refers to those claims in which diversity of citizenship exists or those in which a federal question is present, as these are the two categories of civil actions over which a federal district court has original jurisdiction. Under this version of section 1441(c), if a case was removed on diversity or federal question grounds, the district court had the authority to determine all issues or exercise its discretion and remand and sever matters not otherwise within its original jurisdiction. Although the word "sever" is not used, the court can think of no way a court could "remand matters not within its original jurisdiction" without first severing them from those claims over which it did have original jurisdiction. The language in the 1948 version of section 1441(c) remained for over forty years.

Section 1441(c) was amended in 1990 to read as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more other-wise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1990). Here, the language is clear and refers to claims or causes of action that find their origin in 28 U.S.C. § 1331, which confers subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." There is no mention of section 1332 (the diversity statute) or "a separate and independent claim or cause of action which would be removable if sued upon alone" in the 1990 amendments. The 1990 amendments made by Congress "eliminated the use of claims within diversity jurisdiction as the basis for removal under Section 1441(c)." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice and Procedure § 3722.3 (4th ed. 2009) (footnote omitted). Based on the language of the statute and the conclusion in the treatise, section 1441(c) in 1990 was no longer applicable to diversity cases. The 1990 amendments stayed in effect, except for a couple of minor grammatical changes in 1991, until January 6, 2012, at which time the current version of section 1441(c) became effective.

The 2011 amendments to section 1441(c) further illustrate why this action, which includes a claim arising under the workers' compensation laws of the state of Texas, is not removable. First, section 1441(c) is titled **"Joinder of Federal law claims and State law claims."** None of the prior versions contained a title. This title underscores the type of claims to which the provision of the statute pertains. Moreover, section 1441(b) is titled **"Removal based on diversity of citizenship"** and discusses only removal in the context of 28 U.S.C. § 1332(a), the statute that gives

federal courts jurisdiction over actions in which diversity of citizenship exists and the amount in controversy exceeds $75,000. Importantly, no authority to sever and remand is granted to the district court in sections 1332(a), 1441(b), or otherwise. Section 1441(c) simply has no application to actions based on diversity of citizenship.

Second, section 1441(c) allows for the removal of the *entire* action only "if the action would be removable without the inclusion" of a claim that does not fall within the court's original or supplemental jurisdiction or the inclusion of a claim that has been made nonremovable. As previously stated, as this section does not pertain to civil actions based on diversity, a civil action based on diversity that includes a claim arising under the workers' compensation laws cannot be removed.

Third, section 1441(c) *requires* the district court to sever any claim that does not fall within its original or supplemental jurisdiction or that a statute makes nonremovable, and remand it to state court. Once again, this provision only applies to a civil action that includes a federal question claim that is joined with a claim made nonremovable or one not falling within the court's original or supplemental jurisdiction.

Congress, in amending section 1441(c), elected not to allow severance and remand of a nonremovable claim with respect to an action removed on the basis of diversity of citizenship. The plain language of the statute allows a court to sever only the nonremovable claim and remand it to state court if the action also includes a claim under 28 U.S.C. § 1331, that is, one based on a federal question. Congress is in the business of writing legislation, and the court presumes that Congress knows how to express its intent and write a statute. Had Congress not intended to eliminate diversity actions when it amended section 1441(c) in 1990, it could have taken affir-mative steps to keep diversity actions in the amendments of 1990. Likewise, in 2011, had Congress intended to grant a federal district court the authority to sever and remand nonremovable claims in diversity actions, it certainly knew how and could have done so.

■■■ As Vinson did not include a federal claim when she filed Plaintiff's Original Petition (the "Petition") in state court, this court has no authority to sever the retaliatory workers' compensation claim and remand it to state court. Had Plaintiff's lawsuit included a federal claim and one that has been made nonremovable, the court would be required to sever the nonremovable claim and remand it to state court; however, this is not the state of affairs.

Because this action includes a retaliatory discrimination claim under section 451.001 of the workers' compensation laws of Texas and the Petition does not include a federal claim under section 1331, the action is not removable pursuant to sections 1445(c) and 1441(c). The court has no authority to sever the retaliatory workers' compensation claim and remand it to state court. Accordingly, the court must remand this action in its entirety to state court.

## III. Attorney's Fees

■■■ Vinson requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), when remanding a case to the state court, a court may award attorney's fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (citations omitted). In deciding whether a defendant had objectively reasonable

grounds to believe the removal was legally proper, courts do not to consider the motive of the removing defendant. *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir.2000). A district court is to "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.* at 293.

■ As Plaintiff aptly observes, the critical issue in this case " 'has received remarkably little attention in judicial opinions, presumably because it is rarely raised in district courts and even more rarely presented to courts of appeals.' " Pl.'s Mot. to Remand 3 (quoting *Wilson v. Lowe's Home Ctr., Inc.*, 401 F.Supp.2d 186, 192 (D.Conn.2005)). Moreover, the court located no authority from the Fifth Circuit or Supreme Court that addressed the relevant issue in this case, and the parties have provided none. Further, SNC presented several district court cases that arguably support its position but only one appears to be on point: *Climer v. Twin City Fire Ins. Co.*, No. 3:04–CV–0552–G, 2004 WL 1531796 (N.D.Tex. July 8, 2004). The court also located a few district court cases in other jurisdictions that appear to support SNC's position, but neither these cases nor *Climer* is binding authority. These cases, however, do go to the issue of whether SNC had objectively reasonable grounds to remove this action, even though the court believes that the approach it takes is the better approach. There is no Fifth Circuit or Supreme Court precedent on the specific issue decided in this case. Accordingly, because of the lack of controlling authority and the existence of some district court cases that offer support to SNC's position, the court concludes that Defendant had objectively reasonable grounds to remove this action and will deny Vinson's request for attorney's fees and costs.

## IV. Conclusion

For the reasons herein set forth, the court **concludes** that this action was removed contrary to 28 U.S.C. §§ 1441(c) and 1445(c), **grants** Plaintiff's Motion to Remand, and **denies** Plaintiff's request for attorney's fees and costs. Accordingly, the court **remands** this action to the County Court at Law No. 1, Dallas County, Texas, from which it was removed. The clerk of the court shall effect this remand in accordance with the usual procedure.