Lyndon CLARK, et al.

v.

INTERNATIONAL PAPER CO.

Lynda BYRNS

v.

BATH IRON WORKS, et al.

Harold DUTILLE

v.

CHRISTIAN CIVIC LEAGUE.

Loraine MERRILL–KUNESH

v.

AREA IV MENTAL HEALTH
SERVICES.

Deborah MAYO, et al.

v.

Dr. Gary BARKER, et al.[1]

Supreme Judicial Court of Maine.

Argued Jan. 26, 1994.
Decided March 2, 1994.

Ralph L. Tucker (orally), Jeffrey L. Cohen, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, Paul F. Macri, Berman & Simmons, Stephen Kottler, Hardy, Wolf & Downing, Lewiston, Jennifer F. Kreckel, Preti, Flaherty, Beliveau & Pachios, Rumford, for employees.

John H. King, Jr. (orally), William O. LaCasse, Norman, Hanson & DeTroy, James C. Hunt, Robinson, Kriger, McCallum & Greene, P.A., Portland, for employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

1. The Workers' Compensation Board consolidated several of these cases prior to the filing of the appeal. We ordered additional cases consolidated for purpose of briefing and argument. Appeals have been withdrawn in the following cases prior to decision: *French v. International Paper Co., Labreck v. Morrissey Asbestos Abatement, Lapointe v. E.S. Boulos,* and *Merrill–Kunesh v. Area IV Mental Health Center.* Our opinion resolves all of the remaining cases.

WATHEN, Chief Justice.

In each of these cases, the Workers' Compensation Board dismissed the employee's petition for permanent impairment benefits on condition that the employee could reinstate the petition if the Board's Rule 1.4(A) were invalidated. The employers appeal, contending that the petitions should have been unconditionally dismissed and that Rule 1.4(A) violates the current Workers' Compensation Act. Because the Board is without authority to fashion this conditional dismissal, we vacate the condition.

The current Workers' Compensation Act was enacted in the fall of 1992 and became effective January 1, 1993. P.L.1991, ch. 885. The 1993 Act substantially altered benefits for injuries occurring after that date. Concerned that the Act might apply to all petitions filed after January 1, 1993, even though the injury pre-dated the Act, thousands of workers filed petitions for permanent impairment benefits under the old Act in December of 1992. In response to these filings, the Workers' Compensation Board adopted Rule 1.4(A) which states "[d]etermination of the employee's right to receipt of payment for permanent impairment benefits shall be governed by the law in effect at the time of the employee's injury." The Board then dismissed the petitions in these cases with the proviso that should Rule 1.4(A) "be invalidated at some time in the future, or be found not to apply to the employee's case, then the pending petition will be reinstated with its original December, 1992 filing date."[2] The employers appeal from the conditional dismissals, arguing that the Board acted beyond its authority and that Rule 1.4(A) violates the Act.

■ Initially, the employers argue that by conditionally dismissing the petitions, the Board improperly exercised an equity power. We agree that the Board has no general power in equity, and has "only such authority as is conferred upon it by express legislative grant or such as arises therefrom by implication as incidental to full and complete exercise of the powers granted." *Hird v. Bath*

*Iron Works Corp.*, 512 A.2d 1035, 1038 (Me. 1986) (*citing Wentzell v. Timberlands, Inc.*, 412 A.2d 1213, 1215 (Me.1980)). Because there is no express grant of power to dismiss petitions on the condition presented here, and because that power is neither necessary nor incidental to the exercise of any express power, the Board acted beyond its authority.

■ Although our inquiry could end here, in the interests of judicial economy we proceed to determine the important issue that has been fully briefed and argued whether permanent impairment benefits remain available under the current Act for injuries that pre-date the Act.

The legislature included the following provision to govern the transition from the old version of the Act to the new:

> So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that the Maine Revised Statutes, Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply. With regard to matters in which the injury occurred prior to January 1, 1993, the applicable provisions of former Title 39 apply in place of Title 39–A, sections 211, 212, 213, 214, 215, 221, 306 and 325.

P.L.1991, ch. 885, § A–10. The permanent impairment sections of the old Act were found in 39 M.R.S.A. § 56, *repealed by* P.L. 1987, ch. 559, § 31 (effective Nov. 20, 1987), 39 M.R.S.A. § 56–A, *repealed by* P.L.1987, ch. 559, § 32 (effective Nov. 20, 1987), and 39 M.R.S.A. § 56–B, *repealed by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993). The issue here is whether sections 56, 56–A and 56–B are applicable in place of any section in the current Act mentioned above.

The parties agree that we must concentrate on section 212(3) of the current Act, 39–A M.R.S.A. § 212(3) (Supp.1993). Although section 212(3) is entitled "Specific loss benefits," a comparison of that section with sections 56, 56–A and 56–B demonstrates that the latter sections are clearly "applicable."

---

**2.** Some of the orders of dismissal were later modified to include a reference to the applicable statute of limitations.

Section 212(3) provides a presumption of total incapacity for specified periods of time when an employee actually loses a specified body part. 39–A M.R.S.A. § 212(3)(A) (Supp.1993). For example, for the loss of a thumb, the employee would receive 65 weeks of benefits for total incapacity. *See id.* Former section 56 provides similar presumed loss benefits: for the loss of functioning of a specified body part, an employee would receive a lump-sum payment for the injury based on a presumed incapacity period of 50 weeks. 39 M.R.S.A. § 56. Both section 56 and section 212(3) provide presumed loss benefits for certain types of injuries.[3] In such a situation, section A–10 provides that section 56 shall apply to injuries occurring before the effective date of the Act. Similarly, section 56–A, which adds four categories of injuries to the list contained in section 56 and section 56–B, which provides a different method of calculating benefits, are applicable in place of section 212(3).

The employers argue that the legislature intended to retroactively eliminate all benefits for permanent impairment notwithstanding the date of injury. The legislative history of the current Act does not support that argument. First and foremost, the transition provisions in section A–10 were expressly enacted in order "not to alter benefits for injuries incurred before January 1, 1993." P.L.1992, ch. 885, § A–10. Moreover, legislative debate supports our reading of the Act. When the House of Representatives considered House Amendment "C," which became section A–10, another amendment was introduced which stated expressly that "[a]n injured employee whose date of injury is prior to January 1, 1993 may receive permanent impairment benefits under former Title 39, sections 56, 56–A and 56–B as those sections were in effect at the time of the employee's injury." Proposed House Amend. "F" to House Amendment "C" to L.D. 2464, No. H–1351 (115th Legis.1992). This amendment was defeated only after extensive debate demonstrating that the House believed the amendment unnecessary in light of Amendment "C" (section A–10). Rep. Gwadosky

stated that the amendment's sponsor's "concern is valid. However, I do think it is covered in House Amendment 'C'...." Rep. Rand said, "The short story here is that benefits will not be cut retroactively." Finally, Rep. Hastings urged a "no" vote on the amendment, saying, "I am telling you it is already in the law." Section A–10 preserves the application of sections 56, 56–A and 56–B to injuries occurring before January 1, 1993. Permanent impairment benefits are governed by the law in effect on the date of the injury. Rule 1.4(A) properly interprets the Workers' Compensation Act.

The entry is:

The conditional orders of dismissal are modified by vacating the conditions, and, as modified, the orders are affirmed.

All concurring.

---

**3.** The major differences between the two sections are that under section 212(3) the employee must actually be unable to work, the payment is reduced by other benefits, and the actual loss of a body part is required.