Clyde **ARMISTEAD**, Plaintiff, Appellant,

v.

**C & M TRANSPORT, INC., et al., Defendants, Appellees.**

No. 94–1525.

United States Court of Appeals, First Circuit.

Submitted Oct. 7, 1994.

Decided March 13, 1995.

---

Clyde Armistead, pro se.

John H. Montgomery, Diane S. Lukac, Mary Elizabeth Fougere, and Bernstein, Shur, Sawyer & Nelson, Portland, ME, on brief, for appellee, Travelers Ins. Co.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellee Travelers Insurance Company ("Travelers") removed this action to the federal district court despite the provision in 28 U.S.C. § 1445(c) forbidding removal of cases arising under state workers' compensation laws. Plaintiff-appellant Clyde Armistead unsuccessfully resisted the removal on jurisdictional grounds, but overlooked the bar of section 1445(c). The district court granted summary judgment in Travelers' favor. On appeal, Armistead for the first time invokes section 1445(c). We hold that the district court lacked subject matter jurisdic-

tion in this case. Accordingly, we vacate the judgment below and direct that the case be remanded to state court.

## I

Armistead, a citizen and resident of Maine, worked as a truck driver for C & M Transport, Inc. ("C & M"), a Maine corporation. He was injured on May 7, 1987, while driving a C & M truck in Maryland. Appellee Travelers, a Connecticut corporation, was at one time C & M's workers' compensation insurer.

Armistead filed a petition for benefits under the Maine Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (repealed),[1] in October, 1987. The Workers' Compensation Commission issued a benefits award in February, 1988 (after C & M defaulted), but no compensation payments were made. The Commission's award indicates "no record of insurance," and as for C & M, it filed for Chapter 7 protection, was adjudicated bankrupt, and ceased doing business. According to the record before us, Travelers had notified the Commission that it had canceled C & M's coverage for nonpayment of premiums, effective some three weeks before the date of injury.

In July of 1992, Armistead resumed his quest for benefits by seeking a Commission determination that Travelers was liable on the award because it had failed to send a prior notice of the cancellation to C & M, as required by state law. See 39 M.R.S.A. § 23(1) (1987) (repealed); see also 39–A M.R.S.A. § 403(1) (1992). After informal proceedings failed to resolve the claim, Armistead filed a formal motion for enforcement of the award. Travelers denied liability and cross-moved for a review of Armistead's alleged disability. The statute contemplates an evidentiary hearing before a Commissioner on such motions, subject to appellate review in the Commission and a discretionary appeal to Maine's highest court. See 39 M.R.S.A. §§ 94–B, 98–99, 103–A, 103–B, 103–C.

While these motions were pending before the Commission, Armistead also filed a complaint in the state superior court for enforcement of the Commission's original award. The complaint alleged a right to relief by virtue of the superior court's equitable power to enforce Commission orders under the Workers' Compensation Act, 39 M.R.S.A. § 103–E. Count 1 sought enforcement of the award against C & M; count 2 sought a declaration that Travelers afforded coverage to C & M under the Act on the date of injury, and also sought enforcement of the Commission's award against Travelers and C & M jointly.

Travelers promptly removed the action to federal district court, claiming diversity of citizenship between Travelers and Armistead, and describing the action as one for "breach of contract." Seven months later, Armistead moved for a remand to the state court, arguing that C & M's Maine citizenship destroyed complete diversity between the parties. But there was a rub; C & M had not been served with process, and its very existence was dubious.[2] The district judge dismissed the claim against C & M and, applying the holding of *White v. United States Fidelity & Guar. Co.*, 356 F.2d 746 (1st Cir.1966), rejected Armistead's alternative argument that Travelers should be deemed to have the same citizenship as its insured under 28 U.S.C. § 1332(c)(1). The court thereafter addressed the parties' cross-motions for summary judgment and decided

---

1. The legislature retrofitted the Act with neoteric provisions which took effect on January 1, 1993. See 39–A M.R.S.A. §§ 101–409. The new law alters benefits and replaces the Workers' Compensation Commission with an administrative board. See 39–A M.R.S.A. §§ 151, 152. Transitional provisions preserve benefits under the former law for injuries sustained before January 1, 1993, and continue the Commission's authority over pending claims for a limited period. See generally *Clark v. International Paper Co.*, 638 A.2d 65 (Me.1994). In all procedural respects relevant here, the current law is parallel to the former law. The transitional provisions and other changes do not affect our analysis.

2. Armistead renews here the claim that C & M retains its corporate existence under Maine's corporation laws, and is a "necessary" party to this suit. The argument was not fully developed below, and we deem it waived. See *Ryan v. Royal Ins. Co.*, 916 F.2d 731, 734 (1st Cir.1990). At any rate, Armistead still has not explained his failure to serve process on C & M.

the merits in favor of Travelers. This appeal ensued.

On appeal, Armistead adds for the first time the argument that the removal violated 28 U.S.C. § 1445(c). Travelers urges that section 1445(c) is inapplicable because Armistead's suit does not "arise under" Maine's workers' compensation law, and, alternatively, that Armistead waived the argument.

**II**

■ Section 1445(c) renders nonremovable suits "arising under" the workers' compensation laws of the state in which the federal court sits. The statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion. *See generally Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 350, 81 S.Ct. 1570, 1571–72, 6 L.Ed.2d 890 (1961) (explaining purpose of limitation on removal); 14A Charles A. Wright et al., *Federal Practice & Procedure* § 3729 (2d ed. Supp.1994) (listing cases).

■ Travelers does not directly assert a right to remove the proceedings pending before the Commission, but focuses solely on the subsequent superior court complaint. While the complaint was a separate filing, however, it did not comprise independent litigation based on a separate common law right to relief. Rather, the complaint sought statutory compensation under a provision of the workers' compensation law vesting in the superior court equitable powers to enforce Commission orders and to issue *pro forma* decisions enforcing Commission benefit awards.[3] As an integral part of the administrative enforcement scheme, the superior court action was merely supplementary to the Commission proceeding, and both pro-

ceedings obviously arose under the workers' compensation law within the meaning of 28 U.S.C. § 1445(c). *Cf. Spearman v. Exxon Coal USA,* 16 F.3d 722, 725 (7th Cir.) (holding that a claim did not arise under a workers' compensation law when it stated a right to relief in tort and sought common law damages distinct from statutory compensation scheme), *cert. denied,* —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994).

■ Removal of the case thus was doubly barred, once under section 1445(c), and again because the supplementary superior court proceeding does not independently qualify as a removable "civil action" under 28 U.S.C. § 1441(a). *See Barrow v. Hunton,* 99 U.S. 80, 82, 25 L.Ed. 407 (1879) (explaining that a supplementary action so connected with an original action as to form a mere incident or continuation of it is not removable as a separate suit); *Bank v. Turnbull & Co.,* 83 U.S. (16 Wall.) 190, 193, 21 L.Ed. 296 (1873) (same); *Federal Savings & Loan Ins. Corp. v. Quinn,* 419 F.2d 1014, 1018 (7th Cir.1969) (same, but making claim that federal standards determine independence of action); *Overman v. Overman,* 412 F.Supp. 411, 412 (E.D.Tenn.1976) (same, discussing possible *Erie* concerns). Recent cases in which parties attempt to remove state supplementary proceedings are scarce, but the federal bar to entertaining "satellite elements" of pending state suits and judgments clearly remains intact as the "sensible" judicial rule. 14A Wright et al., *supra,* § 3721 (Supp.1994); *see also* 1A James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.157[4–11] (2d ed. Supp. 1994) (distinguishing the principle from the "independent" claim concept embodied in 28 U.S.C. § 1441(c)).

**III**

Under 28 U.S.C. § 1447(c), a motion challenging subject matter jurisdiction may be

---

3. Commission orders are enforceable only by petition to the superior court, which may issue "any suitable process" in aid of Commission proceedings. *See* 39 M.R.S.A. §§ 93, 103–E. The Commission itself has no general equity powers. *See Clark v. International Paper Co.,* 638 A.2d at 66. Benefit awards and Commission decisions become enforceable on presentation of a certified copy to the superior court, which "shall render a pro forma decision in accordance

therewith." 39 M.R.S.A. § 103–E. The Commission's decisions thus acquire the same force as if rendered by the superior court. *See* 39 M.R.S.A. § 103–E. Moreover, an award may be confirmed by the superior court even if it remains subject to post-order administrative proceedings or a pending appeal. *See Cilley v. Georgia–Pac. Corp.,* 519 A.2d 191, 192 (Me.1986); *see also* 39 M.R.S.A. § 104–A.

made at any time, but objections based on a "defect in removal procedure" must be made within thirty days of the removal. Travelers argues that Armistead waived any objection to the lack of removal jurisdiction by failing to move for a remand within this period.

In *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783 (5th Cir. 1993) the Fifth Circuit decided that removal of a Texas workers' compensation case in violation of section 1445(c) should be treated as the embodiment of a procedural defect and, thus, subject to section 1447(c)'s thirty day waiver rule. The court interpreted section 1447(c) as meaning that *any* wrongful removal is subject to waiver so long as the district court would have had original subject matter jurisdiction had the plaintiff initiated the action in federal court. *Id.* at 787. Since the plaintiff in *Williams* could have chosen to bring her Texas claim as an original diversity action, the court held that she waived her objection to federal court jurisdiction by waiting more than thirty days to seek a remand. *Id.* at 788.

The Eighth Circuit, however, has taken the view that where Congress expressly restricts removal jurisdiction over a particular class of cases, wrongful removal should not be treated as a "mere procedural irregularity" waivable by the parties, but as a violation of the court's limited subject matter jurisdiction.

> The fact that [plaintiff] could have invoked the original jurisdiction of the federal court initially is irrelevant.... The jurisdiction of the lower federal courts, both original and removal is entirely a creature of statute.... If one of the statutory requirements is not met, the district court has no jurisdiction.

*Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir.1992) (determining that a failure to object to lack of removal jurisdiction under § 1441(b) did not operate as a waiver).

■ We need not choose between these contradictory views because in this case there was neither removal jurisdiction nor original diversity jurisdiction. Unlike the Texas statute at issue in *Williams*, Maine's compensation scheme does not permit a *de novo* state court action for workers' compen-

sation benefits. *See Dorey v. Forster Mfg. Co.*, 591 A.2d 240, 241 (Me.1991). By reason of the policies expressed in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the state's rule barring suitors from bringing such an action *de novo* in its own courts must be applied to bar an original diversity action in the forum's federal courts. *See Feinstein v. Massachusetts Gen. Hosp.*, 643 F.2d 880, 888 (1st Cir.1981) (stating that *Erie* policies requiring adherence to state door-closing statutes likewise require a federal court to apply state-created administrative limitations on rights to recovery) (citing *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949)); *Construction Aggregates Corp. v. Rivera de Vicenty*, 573 F.2d 86, 96 (1st Cir. 1978) (holding that if Puerto Rico does not give its own courts jurisdiction over a claim collaterally attacking workers' compensation rates for locally hired workers, a federal court cannot exercise diversity jurisdiction over the claim); *accord Dial v. Hartford Accident & Indem. Co.*, 863 F.2d 15 (5th Cir.1989) (examining Mississippi workers' compensation law); *Trapp v. Goetz*, 373 F.2d 380 (10th Cir.1966) (examining state pension law); *Shultz v. Lion Oil Co.*, 106 F.Supp. 119 (D.Ark.1952) (examining Arkansas workers' compensation law), *appeal dismissed*, 202 F.2d 752 (8th Cir.1953).

■ Moreover, the limited supplementary and appellate authority exercised by the Maine courts over Commission proceedings finds no analog in federal diversity jurisdiction. As courts of *original* jurisdiction, federal district courts sitting in diversity jurisdiction do not have appellate power, nor the right to exercise supplementary equitable control over original proceedings in the state's administrative tribunals. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (noting that the jurisdiction possessed by federal district courts is "strictly original"); *Barrow v. Hunton*, 99 U.S. 80, 82, 25 L.Ed. 407 (1879) (explaining that federal courts may not exercise control over state proceedings by entertaining supplementary actions which are but incidents of state suits); *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir.1987) (hold-

ing that a request for declaratory relief that does not state a new case arising upon new facts, but in reality seeks review and correction of a state court judgment is not within federal court's original jurisdiction); *cf.* 1A *Moore's Federal Practice, supra,* ¶ 0.167[6] (Supp.1994) (where state courts have only appellate, quasi-administrative review over the claim, the proceeding "is not a civil action within the cognizance of the original jurisdiction of the federal court").[4]

We need go no further. In the absence of federal subject matter jurisdiction, we cannot proceed to the merits of this appeal, and the case must be remanded to the state court. *See Halleran v. Hoffman,* 966 F.2d 45, 47–48 (1st Cir.1992).

Accordingly, the judgment is *vacated* and this case is *remanded* to the district court which shall immediately remand the action to the state court. All parties shall bear their own costs.

4. Any claim in this case not covered by the foregoing principles would be subject to dismissal under the related doctrine of *Burford-type* abstention. The state has signalled its interest in regulatory coherency by concentrating all claims in an exclusive administrative process, and parallel federal suits could "in a very real sense … disrupt the regulatory scheme." *Allstate Ins. Co. v. Sabbagh,* 603 F.2d 228, 233 (1st Cir.1979); *see also Bath Memorial Hosp. v. Maine Health Care Fin. Com.,* 853 F.2d 1007, 1013 (1st Cir.1988) (holding that a court should abstain when an exercise of jurisdiction might lead to a parallel federal 'regulatory review' mechanism, complicating state administration); *Construction Aggregates Corp.,* 573 F.2d at 91–93, 96 (applying principles of *Burford-type* abstention to various claims relating to workers' compensation law).