Francis COOK

v.

GREYHOUND BUS LINES, INC., et al.

Supreme Judicial Court of Maine.

Argued April 11, 1995.
Decided June 5, 1995.

James J. MacAdam, Patrick N. McTeague (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

M. Thomasine Burke (orally), Richardson & Troubh, Portland, for employer.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Francis Cook appeals from a decision of the Workers' Compensation Board denying his motion for an award of attorney fees. The fees were generated in connection with a claim Cook filed in the United States Bankruptcy Court in Texas involving his employer, Greyhound Bus Lines, Inc. Because we conclude that the Board has no statutory authority to award attorney fees for services rendered in a bankruptcy proceeding, we uphold the Board's decision.

 Cook suffered a work-related injury on July 29, 1987 while employed by Greyhound, and was awarded total incapacity benefits by the Workers' Compensation Commission. Shortly after the award of benefits, Greyhound filed a petition in bankruptcy in Texas under Chapter 11. 11 U.S.C.S. §§ 1101–1125 (1994). Cook obtained bankruptcy counsel after Greyhound objected to his claim in the bankruptcy proceeding. The parties subsequently entered into a lump-sum settlement for $200,000 and, in conjunction with the lump-sum settlement, the Board approved a $20,000 fee for Cook's attorneys. Cook then filed a motion seeking an additional $53,796 in attorney fees generated by his bankruptcy attorney. The Board dismissed the motion asserting a lack of subject matter jurisdiction. We granted Cook's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994).

39 M.R.S.A. § 110(2) (1989) provides in pertinent part:

> If an employee prevails in any *proceeding* involving a controversy *under this Act,* the Commission ... may assess the employer costs of a reasonable attorney's fee and witness fees whenever the witness was necessary for the proper and expeditious disposition of the case.
>
> . . . .
>
> No attorney representing an employee who prevails in a proceeding involving a controversy under this Act may receive any fee from that client *for an appearance before the commission,* ... except as provided in section 83, subsection 7 and section 94–B, subsection 3.
>
> . . . .
>
> [f]or the purposes of this subsection, "prevail" means to obtain more compensation benefits under the Act than were offered to the employee by the employer in writing before the proceeding was instituted. If no such offer was made, "prevail" means to obtain or retain compensation under the Act.

(Emphasis added.) [1] As Cook correctly notes, an employee who receives a lump-sum settlement may "prevail" for purposes of awarding fees. *Ayotte v. United Servs., Inc.,* 567 A.2d 430, 434 (Me.1989). Moreover, we are in agreement with Cook that the term "proceeding" in section 110(2) can be broadly construed. *DeMello v. Department of Envtl. Protection,* 611 A.2d 985, 986–87 (Me.1992); *Kennie v. City of Westbrook,* 254 A.2d 39, 43 (Me.1969). We agree with the Board, however, that neither the language nor the purposes of the Workers' Compensation Act support the award sought here for attorney fees for services rendered in a bankruptcy proceeding.

 We review decisions of the Workers' Compensation Board for errors of law.

---

**1.** Former section 110 of Title 39 has been repealed and replaced by section 325 of Title 39–A. *Maine Workers' Compensation Act of 1992,* P.L. 1991, ch. 885, § A–7 (effective Jan. 1, 1993). The statement of legislative intent provides that "[s]o as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all provisions of this Act apply, except that ... Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply." P.L.1991, ch. 885, § A–10(1). Because section 325 is listed as strictly prospective in application, we will not apply it retroactively to this appeal. *Clark v. International Paper Co.,* 638 A.2d 65, 66–67 (Me.1994); *Morgan–Leland v. University of Maine,* 632 A.2d 748 (Me.1993).

*LeBlanc v. United Eng'rs & Constructors, Inc.*, 584 A.2d 675, 677 (Me.1991). To the extent that decisions of the Board fall within their expertise, and construction of the Workers' Compensation Act is within that area of expertise, *id.*, we defer to the Board's construction of the Act, unless a different result is plainly compelled. *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me.1994); *Nielsen v. Burnham & Morrill*, 600 A.2d 1111, 1112 (Me.1991). The Board's construction of the Act in this case is consistent with the language and history of the Act.

 "[T]he rights of a party under the Workers' Compensation Act are purely statutory," *Jordan*, 651 A.2d at 362 (quoting *Lavoie v. International Paper Co.*, 403 A.2d 1186, 1191 (Me.1979)), and the Board "has only such authority as is conferred upon it by express legislative grant or such as arises therefrom by implication as incidental to full and complete exercise of the powers granted." *Clark v. International Paper Co.*, 638 A.2d 65, 66 (Me.1994) (quoting *Hird v. Bath Iron Works*, 512 A.2d 1035, 1038 (Me.1986)). The Act contains no express authority allowing the Board to award fees for services related to a bankruptcy proceeding,[2] nor is such authority necessary to the full and complete exercise of the Board's powers.

 The Board's construction of section 110 is consistent with its legislative history. Prior to the statute's amendment in 1985, section 110 provided that "when the commission ... finds that an employee has instituted proceedings *under this chapter* ... or that the employer ... has instituted proceedings *under this chapter,* the commission ... may assess the employer ... a reasonable attorney's fee." *See* 39 M.R.S.A. § 110 (Pamph.1984–85) (emphasis added), *repealed and replaced by* P.L.1985, ch. 372, pt. A, § 43. The phrase "under this chapter" suggests that the Commission may award fees related only to proceedings expressly authorized by the Act. Subsection (2) was added to the statute in 1985 and there is nothing in the legislative history to explain why the phrase "proceedings under this chapter" was replaced with "proceeding involving a controversy under this Act."[3] The sole legislative purpose of the amendment, however, was to limit the award of attorney fees to prevailing employees in order to reduce compensation costs generally. P.L.1985, ch. 372, Emergency Preamble L.D. 1634, Statement of Fact (112th Legis.1985). The legislative purpose was not to expand the availability of attorney fees to a broader range of proceedings than previously contemplated under the former statute. Indeed, subsection 110(2) provides that "[n]o attorney representing an employee

**2.** Aside from section 110, Title 39 authorizes the award of attorney fees to the employee for services rendered in the rehabilitation process, 39 M.R.S.A. § 83 (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (codified at 39–A M.R.S.A. § 217 (1994)), and the information conference stage. 39 M.R.S.A. § 94–B(3), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (codified at 39–A M.R.S.A. § 313 (Supp.1994)). Section 68 authorizes the Board to deduct a reasonable fee from an employer's lien against a third-party recovery. 39 M.R.S.A. § 68 (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (codified at 39–A M.R.S.A. § 107 (Supp.1994)). This Court has exclusive and plenary authority to award fees on appeal to it. 39 M.R.S.A. § 103–C (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (codified at 39–A M.R.S.A. § 322 (Supp. 1994)); *Overlock v. Eastern Fine Paper, Inc.*, 371 A.2d 121, 122 (Me.1977) (interpreting former section 103).

**3.** There were four proposed amendments that were not adopted. One draft would have provided fees "in any proceedings *under this chapter in*

*which the employee has prevailed either before the commission or on appeal."* L.D. 78, Statement of Fact (112th Legis.1985) (emphasis added). The second draft provided that the Commission may award a fee "[i]f an employee prevails in any proceeding, instituted by either the employee or the employer, *which involves a dispute as to the compensability of an injury, the employee's entitlement to compensation or the amount of compensation payable under this Act."* L.D. 281, Statement of Fact (112th Legis.1985) (emphasis added). A third proposal would have awarded fees "[i]n any proceeding *under this chapter* when an employee prevails." L.D. 1201, Statement of Fact (112th Legis.1985) (emphasis added). A fourth draft provided that "when the commission ... finds that an employee has instituted proceedings *under this chapter* and had substantially prevailed in that proceeding, or that the employer ... has instituted a proceeding *under this chapter,* the commission ... may assess the employer a reasonable attorney's fee...." L.D. 1063, Statement of Fact (112th Legis.1985).

... may receive any fee from that client *for an appearance before the commission*.... [with certain exceptions]." 39 M.R.S.A. § 110(2) (1989) (emphasis added). This language reflects a legislative understanding that attorney fee awards would be limited to proceedings before the Commission.

Cook argues that the bankruptcy proceeding involved a controversy under the Act, because it involved "a controversy over the continued obligation of the Employer to pay disability benefits." Cook analogizes the bankruptcy proceeding to an enforcement action in Superior Court or a writ of certiorari before the United States Supreme Court, and argues that the Act implicitly confers authority on the Commission to award attorney fees in those proceedings. *See Dissell v. Trans World Airlines,* Me.W.C.C.App.Div. 3514, 3517 (Me.1989). We do not find this argument persuasive.

Unlike bankruptcy proceedings, Superior Court enforcement actions are expressly authorized by the Act and involve controversies arising directly from its application. 39 M.R.S.A. § 103–E (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (codified at 39–A M.R.S.A. § 323 (Supp.1994)). Similarly, a writ of certiorari, like an appeal to this court, originates from a workers' compensation proceeding and involves a controversy under the Act. *See Dissell,* Me.W.C.C.App.Div. at 3517. Bankruptcy proceedings, by contrast, arise under the United States Bankruptcy Code, and the "controversy" in a bankruptcy proceeding is whether the employee, as creditor, has rights against the bankrupt estate. This is an issue arising under federal bankruptcy law, not the Maine Workers' Compensation Act. The Board properly declined to award attorney fees for services rendered in connection with the employer's bankruptcy proceeding.

The entry is:

Decision of the Workers' Compensation Board affirmed.

All concurring.