[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-2001

TRESSA ALSTON,
On Behalf of Kyle Alston,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Robert W. Lovegreen, U.S. Magistrate Judge]

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

Donna M. Nesselbush and Green, Greenberg & Nesselbush on brief
for appellant.
Margaret E. Curran, United States Attorney, Anthony C.
Digioia, Assistant United States Attorney, Arthur J. Fried, General
Counsel, Charlotte Hardnett, Principal Deputy General Counsel, John
M. Sacchetti, Associate General Counsel, and Karen J. Aviles,
Litigation Branch, Office of the General Counsel, Social Security
Administration, on brief for appellee.

JULY 12, 1999

Per Curiam. Claimant-appellant was awarded social
security survivor's benefits beginning in 1993. He now seeks
to reopen an unsuccessful 1982 application in order to obtain
survivor's benefits for the years 1982-93. 
The district court held that it lacked subject matter
jurisdiction to review the Secretary's decision not to reopen
the denial of the 1982 application in the absence of a
colorable constitutional claim. See Califano v. Sanders, 430
U.S. 99 (1977). Several constitutional claims were alleged by
appellant below, but they were "not colorable."
Here, appellant attempts to supply the jurisdictional
element by alleging a new constitutional claim which was not
squarely presented below. He argues that the SSA's initial
notice denying his 1982 application violated due process
because it did not warn that a failure to request
reconsideration "would result in a loss of benefits which would
remain forever final." The Secretary responds, inter alia,
that appellant waived this argument by failing to urge it in
the district court.
We have reviewed with care the record citations which
appellant has offered in reply to the Secretary's objection. 
Our own reading is that except for a single, awkwardly-placed
sentence in one of his two lengthy legal memoranda, appellant
did not urge in the district court the claim which he seeks to
raise here.
Arguments not fully developed in the lower court are
deemed waived on appeal. Armistead v. C & M Transp., Inc., 49
F.3d 43, 44 n.2 (1st Cir. 1995). It is not enough to merely
mention a possible argument; a litigant has an obligation to
spell out the argument squarely and distinctly. United States
v. Zannino, 895 F.2d 1, 14 (1st Cir.), cert. denied, 494 U.S.
1082 (1990). 
Since the sole issue raised on appeal was not fairly
presented in the district court, the judgment is affirmed. 
While we need not reach it, we note that any review of the
merits of appellant's new constitutional claim would be stymied
in any event by the apparent lack of a clear causal connection
between the notice's alleged deficiency and appellant's loss of
benefits.
Affirmed.