USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-2001 TRESSA ALSTON, On Behalf of Kyle Alston, Plaintiff, Appellant, v. KENNETH S. APFEL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Robert W. Lovegreen, U.S. Magistrate Judge] Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.    Donna M. Nesselbush and Green, Greenberg & Nesselbush on brieffor appellant. Margaret E. Curran, United States Attorney, Anthony C.Digioia, Assistant United States Attorney, Arthur J. Fried, GeneralCounsel, Charlotte Hardnett, Principal Deputy General Counsel, JohnM. Sacchetti, Associate General Counsel, and Karen J. Aviles,Litigation Branch, Office of the General Counsel, Social SecurityAdministration, on brief for appellee.JULY 12, 1999   Per Curiam. Claimant-appellant was awarded social security survivor's benefits beginning in 1993. He now seeks to reopen an unsuccessful 1982 application in order to obtain survivor's benefits for the years 1982-93.  The district court held that it lacked subject matter jurisdiction to review the Secretary's decision not to reopen the denial of the 1982 application in the absence of a colorable constitutional claim. See Califano v. Sanders, 430 U.S. 99 (1977). Several constitutional claims were alleged by appellant below, but they were "not colorable." Here, appellant attempts to supply the jurisdictional element by alleging a new constitutional claim which was not squarely presented below. He argues that the SSA's initial notice denying his 1982 application violated due process because it did not warn that a failure to request reconsideration "would result in a loss of benefits which would remain forever final." The Secretary responds, inter alia, that appellant waived this argument by failing to urge it in the district court. We have reviewed with care the record citations which appellant has offered in reply to the Secretary's objection.  Our own reading is that except for a single, awkwardly-placed sentence in one of his two lengthy legal memoranda, appellant did not urge in the district court the claim which he seeks to raise here. Arguments not fully developed in the lower court are deemed waived on appeal. Armistead v. C & M Transp., Inc., 49 F.3d 43, 44 n.2 (1st Cir. 1995). It is not enough to merely mention a possible argument; a litigant has an obligation to spell out the argument squarely and distinctly. United States v. Zannino, 895 F.2d 1, 14 (1st Cir.), cert. denied, 494 U.S. 1082 (1990).  Since the sole issue raised on appeal was not fairly presented in the district court, the judgment is affirmed.  While we need not reach it, we note that any review of the merits of appellant's new constitutional claim would be stymied in any event by the apparent lack of a clear causal connection between the notice's alleged deficiency and appellant's loss of benefits. Affirmed.