Gregory.WALDON, Plaintiff,

v.

**BOROUGH OF UPPER DARBY, Police Chief and Superintendent Vincent Ficchi, Police Officer Timothy Law, and Police Officer William Kane, Defendants.**

Civil Action No. 98–934.

United States District Court, E.D. Pennsylvania.

Dec. 9, 1999.

Richard G. Freeman, Philadelphia, PA, for Plaintiff.

Paola Tripodi Kaczynski, Holstein & Associates, Media, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge

Plaintiff, Gregory Waldon, has sued Defendants Borough of Upper Darby, Police Chief and Superintendent Vincent Ficchi, Police Officer Timothy Law, and Police Officer William Kane. Plaintiff asserts federal claims under 42 U.S.C. § 1983 that Defendants have violated his civil rights, as well as state law claims for false arrest and false imprisonment. The Court has Federal Question jurisdiction over the civil rights claims, and Supplemental Jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331 and 1367(a) (1993). The Eastern District is a proper venue, because the events giving rise to the claim occurred in this District. *See* 28 U.S.C. § 1391(b) (1999). Presently before the Court is Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff, Gregory Waldon, was driving through Upper Darby "on or about March 5, 1996," when police stopped his car and began questioning him. Amended Complaint at ¶ 7. The officers took Plaintiff's personal information, and subsequently discovered an outstanding warrant from Montgomery County, Pennsylvania listing Plaintiff's name, Social Security number, and other personal information. Plaintiff was arrested and taken to the Upper Darby police department, where he was questioned about the warrant.

Plaintiff told the officers that he had previously been mistakenly arrested in Upper Darby, and that as a result of this mistaken arrest Montgomery County Court of Common Pleas Judge Marjorie Lawrence had issued a court order clarifying that there is another individual using Plaintiff's name and social security number. Plaintiff told the officers that a copy of the order is available at the office of his employer. He gave his supervisor's name and telephone number to the officers. Although it was after 10:30 p.m., Plaintiff states that a supervisor would have been available at his place of employment, and could have produced a copy of the court order if asked.

Plaintiff was released the following afternoon, after spending the night in custody. It is unclear on what basis the police confirmed that Plaintiff was not the individual sought by the warrant, but it appears that it was by some means other than Judge Lawrence's court order.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of

fact, but to determine whether any factual issues exist to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989) (citing *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## II. Claims Against Individual Police Officers

Defendants argue that the individual police officers are entitled to the defense of qualified immunity. The officers are entitled to qualified immunity from suit under 42 U.S.C. § 1983 if their conduct did not violate a clearly established statutory or constitutional right of Plaintiff's, of which a reasonable officer would have known. *See Sharrar v. Felsing,* 128 F.3d 810, 826 (3d Cir.1997) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Thus, if Plaintiff were to prevail on his claim that his rights were violated when he was arrested, the officers would nevertheless be immune from suit if the right in question was not "clearly established" at the time of the arrest. *Id.*

The existence of a clearly established right is a question of law which a district court should decide. *Sharrar,* 128 F.3d at 828. The Supreme Court and the Third Circuit have both made clear that suits against individual officers should be dismissed as early as possible if the right that plaintiff claims was violated was not clearly established by law. *See Larsen v. Senate of Commonwealth of Pennsylvania,* 154 F.3d 82, 87 (3d Cir.1998) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). District courts should decide qualified immunity claims on summary judgment to "spare a defendant the unwarranted demands customarily imposed upon those dealing with a long drawn out lawsuit." *Sharrar,* 128 F.3d at 826 (quoting *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). A qualified immunity claim should only be submitted to a jury if "the historical facts material" to the reasonableness of an officer's knowledge are in dispute. *Sharrar,* 128 F.3d at 828.

Plaintiff argues that the historical facts are in dispute, because Plaintiff may be able to prove "whether the police officers could have verified the information the plaintiff gave them in time for them to refrain from depriving him of his liberty." Plaintiff's Response at 3. But this fact is not relevant if a reasonable officer would not have been aware of a duty to investigate Plaintiff's claims before arresting him. The Court finds, *see infra,* that a reasonable officer would not have been aware of such a duty. Thus, the historical facts that Plaintiff argues are in dispute do not affect the outcome of the qualified immunity determination. Accordingly, the issue of qualified immunity for the police officers should be determined by this Court at the summary judgment stage.

A qualified immunity claim is ordinarily decided by first determining whether a violation of a constitutional or statutory right is alleged, and then next determining whether that right was clearly established and would have been

known by a reasonable officer. *See Larsen v. Senate of Commonwealth of Pennsylvania,* 154 F.3d at 86 (3d Cir.1998). However, in this case it is easier to resolve the officers' qualified immunity claim by beginning with the second element of the test: even if plaintiff alleges a violation of a constitutional or statutory right, that violation was not a violation of clearly established law of which a reasonable police officer would have been aware at the time of Plaintiff's arrest.

■ It is clearly established that when a mistaken arrest is based on probable cause, no Fourth Amendment violation has occurred. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Thus, Plaintiff's argument must be that where the suspect claims his employer has evidence that contradicts the validity of the warrant, probable cause no longer exists unless the police investigate the suspect's claim. The Seventh Circuit has addressed civil rights claims for two mistaken identity arrests, both of which shed light on whether a reasonable police officer would have believed that clearly established law creates such a rule. In *Johnson v. Miller,* 680 F.2d 39 (7th Cir. 1982), the Seventh Circuit considered a woman whose name matched the arrest warrant, but whose race did not. She had been previously mistakenly arrested on the warrant, then released, and had now been mistakenly rearrested on the same warrant. The Court held that the police officers acted reasonably in arresting her, even though her race did not match the race on the warrant. *See Johnson* at 41–2. In *Patton v. Przybylski,* 822 F.2d 697 (7th Cir.1987), the Court held that an officer can rely on a warrant that lists an individual's correct name, race, and birth year, even if the address and actual birth date are different. *Patton* at 699–700.

■ The officers in the instant case had an arrest warrant that matched Plaintiff's name, address, date of birth, and social security number. As the cases discussed above demonstrate, significantly less information than this can justify an arrest. Thus, the officers were reasonable in having extreme confidence in the validity of the warrant. Plaintiff made assertions to these officers that his employer had evidence contradicting the validity of the warrant. This situation is certainly unusual-this Court could find no cases addressing such a circumstance. But qualified immunity " 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Sharrar,* 128 F.3d at 826 (quoting *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)). Thus, given the confidence that the officers likely had in the warrant, and the unique circumstances presented to the officers, the officers were reasonable in believing that no clearly established law required them to investigate plaintiff's claims before arresting him.[1] The officers are entitled to the defense of qualified immunity, and summary judgment will therefore be entered in their favor on the § 1983 claim.

■ The individual police officers are immune from Plaintiff's state law claims under Pennsylvania's Political Subdivision Tort Claims Act ("PSTC Act"), 42 Pa.C.S. §§ 8541 *et seq.* (1998), unless the conduct alleged by Plaintiff constitutes "willful misconduct" within the meaning of 42 Pa.C.S. § 8550. The conduct of a police officer will only constitute "willful misconduct" if the officer committed "misconduct which the perpetrator recognized as misconduct and which was carried out with the intention of achieving exactly that wrongful purpose." *In re City of Philadelphia Litigation,* 938 F.Supp. 1264, 1273 (E.D.Pa. 1996). *See also Byrd v. Duffy,* 1998 WL 961902 at 6–7 (E.D.Pa.1998) (E.D.Pa.); *Renk v. City of Pittsburgh,* 537 Pa. 68, 641

---

1. It is important to note that the Court is not holding that no constitutional violation occurred. This section of this memorandum merely holds that a reasonable officer would not have believed that clearly established law dictated that no probable cause existed to arrest Plaintiff on the warrant in question.

A.2d 289 (1994). There is no evidence in Plaintiff's Complaint that the officers set out to do anything other than arrest Plaintiff on the basis of what they believed was a valid warrant. Indeed, rather than arguing that the officers had a "subjective intent to do something' which they knew to be wrongful," *Byrd* at *7, Plaintiff's Complaint argues that deficiencies in the officers' training played a significant role in their mistakenly arresting Plaintiff. *See* Complaint at ¶ 20 and 22. Plaintiff's allegations do not constitute "willful misconduct," and accordingly the individual police officers are entitled to immunity from Plaintiff's state law claims.

### III. Claims Against Upper Darby Township and Vincent Ficchi

Both Plaintiff and Defendants agree that, with regard to the § 1983 claims, Plaintiff "has not met the standards for proof of liability [against Upper Darby Township and Vincent Ficchi] on a *prima facie* level." Plaintiff's Response at 6. Plaintiff asserts that he has been unable to meet this standard because of ongoing discovery disputes. Since the filing of Defendants' Motion for Summary Judgment, the Court has granted two of Plaintiff's Motions to Compel. The Court will therefore decline to grant summary judgment on Plaintiff's § 1983 claims against Upper Darby Township and Vincent Ficchi, as it is not clear to the Court that there is no remaining genuine issue of material fact.

Plaintiff has asserted a § 1983 claim against Vincent Ficchi both individually and in his official capacity. *See* Complaint at ¶ 4. Defendants argue that summary judgment should be entered in their favor on the suit against Vincent Ficchi in his individual capacity, because "Plaintiff has made no allegation and has produced no proof that Defendant Ficchi himself had anything to do with his arrest or detention." Motion for Summary Judgment at II(D). It is true that Plaintiff's Complaint does not claim that Vincent Ficchi was directly involved in Plaintiff's arrest. However, Plaintiff does allege that Vincent Ficchi violated his civil rights by failing "adequately to train, discipline and otherwise hold accountable police officers who unlawfully arrest civilians on outstanding warrants...." Complaint at ¶ 22. The Supreme Court has made clear that a § 1983 claim may be made against an official in both his individual and official capacities, even for acts that fall squarely within his official authority. *See Hafer v. Melo,* 502 U.S. 21, 28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). As stated above, the Court does not find that there is no remaining genuine issue of material fact with regard to the claim against Defendant Vincent Ficchi. Since the § 1983 claim against Vincent Ficchi will remain open, he should remain as a defendant in both his individual and official capacities, in accordance with *Hafer, supra.*

The Borough of Upper Darby is immune from Plaintiff's state law claims under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541 *et seq.* (1998), because the claims are for intentional torts. The Political Subdivision Tort Claims Act grants immunity to the Borough of Upper Darby for the intentional torts of its employees. *See Agresta v. City of Philadelphia,* 694 F.Supp. 117, 123 (E.D.Pa.1988). Defendant Vincent Ficchi, as Police Chief and Superintendent of the Borough of Upper Darby, is entitled to immunity from Plaintiff's state law claims under the Political Subdivision Tort Claims Act using the same "willful misconduct" standard that applies to the defendant police officers. *See Davis v. Lower Merion Tp.,* 1995 WL 311805 at 3 (E.D.Pa.1995). As Plaintiff's Complaint has not alleged any conduct by Vincent Ficchi that rises to this standard of "willful misconduct," Defendant Ficchi is also entitled to immunity from Plaintiff's state law claims.

### CONCLUSION

There is no clearly established law, of which the individual police officers should have known, eliminating probable cause for arrest based on a facially valid warrant where a suspect claims that a court order

exists stating that he is not the subject of the arrest warrant. The individual defendant police officers are therefore entitled to the defense of qualified immunity, and summary judgment shall be entered in their favor on Plaintiff's § 1983 claim. Summary judgment is not appropriate with regard to Plaintiff's § 1983 claims against the Borough of Upper Darby and Police Chief and Superintendent Vincent Ficchi, because the Court is not satisfied that there is no genuine issue of material fact with regard to those claims. Defendants are all entitled to immunity from Plaintiff's state law claims under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541 *et seq.* (1998). Accordingly, summary judgment shall be entered in their favor on all of Plaintiff's state law claims.

An appropriate Order follows.

## ORDER

AND NOW, this __ day of December, 1999, upon consideration of Defendants' Motion for Summary Judgment, as well as the parties' responses, and in accordance with the foregoing Memorandum, it is hereby ORDERED that Defendants' Motion is GRANTED in part and DENIED in part as follows:

1. Defendants' Motion is GRANTED as to Plaintiff's 28 U.S.C. § 1983 claims against Defendants Police Officer Timothy Law and Police Officer William Kane (Plaintiff's Count I). Plaintiff's Count I is therefore DISMISSED WITH PREJUDICE as to Defendants Police Officer Timothy Law and Police Officer William Kane.

2. Defendants' Motion is DENIED as to Plaintiff's 42 U.S.C. § 1983 claims against Defendants Borough of Upper Darby and Police Chief and Superintendent Vincent Ficchi (Plaintiff's Count I).

3. Defendants' Motion is GRANTED as to Plaintiff's state law claims against all Defendants (Plaintiff's Count II). Plaintiff's Count II is

therefore DISMISSED WITH PREJUDICE as to all Defendants.