2000 ME 164

Judith DOUCETTE

v.

PATHWAYS, INC. et al.

and

Keith B. Quattrocchi.

Supreme Judicial Court of Maine.

Argued: Sept. 7, 2000.
Decided: Sept. 28, 2000.

Gordon H. Smith, Andrew B. MacLean (orally), Maine Medical Association, Manchester, for appellant Keith B. Quattrocchi, party-in-interest.

Christopher J. Cotnoir (orally), Ronald Ducharme, Wheeler & Arey, Waterville, for the appellee.

Richard O'Meara, Murray, Plumb & Murray, Portland, for amicus curiae, Maine Trial Attorneys Association.

Allan Muir (orally), Pierce Atwood, Portland, for amicus curiae, Maine Employers' Mutual.

Sandra L. Parker, Augusta, for amicus curiae, Maine Hospital Association.

James W. Case, McTeague, Higbee, Case, Cohen, Whitney & Toker, Topsham, for amicus curiae, Maine AFL–CIO.

James T. Kilbreth, Verrill & Dana, Portland, for amicus curiae, Anthem Blue Cross and Blue Shield.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Keith B. Quattrocchi, M.D. appeals from a decision of a Workers' Compensation Board Hearing Officer requiring that he pay a portion of his medical fees, for treatment of Judith Doucette, to her attorney pursuant to a "common fund" doctrine. Because the Hearing Officer lacked authority to require medical service providers to pay a portion of their fees to the employee's attorney, we vacate the decision.

## I. CASE HISTORY

[¶ 2] The facts are not in dispute. The employee, Judith Doucette, alleged to her employer, Pathways, Inc., that she suffered work-related injuries in 1995, 1996, and 1997. Doucette underwent medical treatment, including surgery, by Dr. Keith Quattrocchi and Dr. Bruce Chaffee as a result of a neck condition which she alleged to have been the result of her work injuries.

[¶ 3] Doucette obtained the services of attorney Ronald Ducharme to represent her with respect to various matters, including the payment of medical bills. As a result of this representation, Pathways' insurer voluntarily paid Dr. Quattrocchi a medical fee of $9,084.90 and Dr. Chaffee a medical fee of $2,168.18.

[¶ 4] Attorney Ducharme filed a motion for award of fees with the Board seeking a payment of the employee's attorney's fees in the amount of 30% of Dr. Quattrocchi's medical fee ($2,725.47). The hearing officer granted the motion for fees in part stating: "I am of the view that pursuant to Chapter 10 of the Board's rules [1] and Maine's 'common fund doctrine,' employee counsel is entitled to a fee to be paid by the medical providers in this case." [2] The Hearing Officer requested further written arguments on the issue of the amount of the fee.

[¶ 5] On August 23, 1999, the hearing officer denied a motion for further findings of fact filed by Dr. Quattrocchi. On the same day, the hearing officer issued a second decision concluding that Attorney Ducharme may recover $1,080 in attorney's fees, plus costs of $117.40, against Dr. Quattrocchi, and $270, plus costs of $29.35, against Dr. Chaffee.

[¶ 6] We granted Dr. Quattrocchi's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Pamph.1999), which provides that: *"[a]ny party in interest* may present a copy of the decision of a hearing officer or a decision of the board, if the board has reviewed a decision pursuant to

---

1. The attorney's fees section of Chapter 10 states:

   § 1. Attorney's Fees

   1. An attorney may charge an employee a fee for services, capped at 30% of benefits accrued.
   2. If an attorney wishes to collect more than 30% of the benefits accrued, he or she may do so only with pre-approval of a hearing officer.
   3. "Benefits accrued" includes benefits past due, benefits paid without prejudice acquired and/or retained through the services of an attorney and unpaid medical bills. In no case, shall the employer/insurer be required to pay an amount for medical services in excess of the medical fee schedule regulations or the provider's charges, whichever is less.
   4. If a case in litigation and the lump sum settled prior to decree, attorney's fees may be collected from the employee as follows, subject to the approval of the hearing officer: the attorney's fee capped at 30% of benefits accrued in addition to the designated percentage set forth in 39–A M.R.S.A. § 325(4)(B).

   W.C.B. Rule Ch. 10 § 1 (Me.1999).

2. The hearing officer noted that at least one other hearing officer reached a similar conclusion with respect to the common fund doctrine in *Lacroix v. Tempo, Inc.,* WCB–97000010 (July 9, 1998).

section 320, to the Clerk of the Law Court...." 39-A M.R.S.A. § 322(1) (emphasis added).

## II. DISCUSSION

[¶ 7] The common fund doctrine is inapplicable to this case. The common fund doctrine applies "when a fund is created to which more than one party is entitled ..." then, and only then, "each party must pay a share of the expenses incurred in creating the fund, including reasonable attorney fees." *See York Ins. Group of Maine v. Van Hall,* 1997 ME 230, ¶ 4, 704 A.2d 366, 368. *See also* 24-A M.R.S.A. § 2910-A (2000) (making an insurance carriers' subrogation rights subject to a pro rata share of certain attorney's fees).

[¶ 8] Here there is no common fund, such as a settlement or judgment against which many may be entitled to make claims. Instead the two doctors were paid individual medical fees to which they were entitled pursuant to 39-A M.R.S.A. § 209 (Pamph. 1999).[3] Section 209 makes no provision for reimbursement of attorney's fees out of the medical fees.

[¶ 9] A hearing officer for the Workers' Compensation Board " 'has only such authority as is conferred upon it by express legislative grant or such as arises therefrom by implication as incidental to full and complete exercise of the powers granted.' " *See Clark v. International Paper Co.,* 638 A.2d 65, 66 (Me.1994) (quoting *Hird v. Bath Iron Works Corp.,* 512 A.2d 1035, 1038 (Me.1986)). The employee's

right to attorney's fees is solely governed by 39-A M.R.S.A. § 325 (Pamph.1999).

[¶ 10] 39-A M.R.S.A. § 325 provides in pertinent part:

**§ 325. Costs; attorney's fees allowable**

**1. Costs and attorney's fees.** Except as otherwise provided by law, by the Maine Rules of Civil Procedure or by rule of court, each party is responsible for the payment of the party's own costs and attorney's fees. In the event of a disagreement as to those costs or fees, an interested party may apply to the board for a hearing.

**2. Restriction on attorney's fees.** An attorney representing an employee in a proceeding under this Act may receive a fee from that client for an activity pursuant to the Act only as provided in this section. The fees and payment of fees to all attorneys for services provided to employees under this Act are subject to the approval of the board. The board may approve the payment of attorney's fees by the employee for services provided to the employee pursuant to this Act. Any attorney who violates this section must forfeit any fee in the case and is liable in a court suit to pay damages to the client equal to 2 times the fee charged to that client.

**3. Rules.** The board shall adopt rules to prescribe maximum attorney's fees and the manner in which the amount is determined and paid by the employee. The maximum attorney's

---

3. 39-A M.R.S.A. § 209(2) & (3) (Pamph.1999) states as follows:

§ 209. Medical fees; reimbursement levels

...

2. Payment for services. A health facility or health care provider must be paid either its usual and customary charge for any health care services or the maximum charge established under the rules adopted pursuant to subsection 1, whichever is less.

3. Limitation on reimbursement. In order to qualify for reimbursement for health care services provided to employees under this Title, health care providers providing

individual health care services and courses of treatment may not charge more for the services or courses of treatment for employees than is charged to private 3rd-party payors for similar services or courses of treatment. An employer is not responsible for charges that are determined to be excessive or treatment determined to be inappropriate by an independent medical examiner appointed pursuant to section 312 or by the insurance carrier, self-insurer or group self-insurer pursuant to section 210, subsection 7 or the board pursuant to section 210, subsection 8.

*Id.*

fees prescribed by the board in a case tried to completion may not exceed 30% of the benefits accrued, after deducting reasonable expenses incurred on behalf of the employee, or be based on a weekly benefit amount after coordination that is higher than ⅔ of the state average weekly wage at the time of the injury. The board may by rule allow attorney's fees to be increased above or decreased below the amount specified in the rule when in the discretion of the board that action is determined to be appropriate.

. . . .

*Id.*

[¶ 11] Section 325 was enacted in 1991. P.L.1991, ch. 885, § A–8. The Statement of Fact with the legislation provides, in pertinent part: "Section 325 provides that each party is responsible for the payment of its own attorney's fees and costs. An attorney representing an employee under this Act may receive a fee *from that client* only as provided and fees and payment are subject to the approval of the board." Statement of Fact, L.D. 2464 (115th Legis.1991) (emphasis added).

[¶ 12] Subsection 1 of section 325 provides that each party is responsible for his or her own attorney fees. 39–A M.R.S.A. § 325(1). There is nothing in subsection 1 requiring a medical provider or any other third party to pay a portion of an employee's attorney's fees.

[¶ 13] Subsection 3 provides: "The maximum attorney's fees prescribed by the board in a case tried to completion may not exceed 30% of the benefits accrued . . . ." 39–A M.R.S.A. § 325(3). Subsection 3 provides a limitation on the *amount* of an attorney's fee collectible from an employee. Subsection 3 provides no substantive right to obtain an attorney's fee from a third party's reimbursement for services. Chapter 10 of the W.C.B. Rules is designed to implement, but does not expand, the statutory authority in subsection 3.

[¶ 14] Because the common fund doctrine is inapplicable to the medical fees at issue here, and because there is no statutory authorization, express or implied, to order doctors to pay portions of their fees to employee's attorneys, the decision of the hearing officer must be vacated.

The entry is:

The decision of the Workers' Compensation Board Hearing Officer is vacated. Remanded to the Workers' Compensation Board for proceedings consistent with this opinion.